## CHAPMAN and Another *v.* HARWOOD.

If land be struck off at sheriff's sale to a bidder, but the land be not conveyed by the sheriff nor the purchase-money paid, the execution-debtor's title to the land is not divested, nor is the judgment satisfied, by the sale.

To make the contract in such case valid, under the statute of frauds, a memorandum in writing must be made of it at the time the land is struck off.

If in case of such sale, the sheriff should convey the land without receiving the purchase-money, the conveyance would be void.

ERROR to the *Fayette* Circuit Court.

BLACKFORD, J.—The plaintiffs in error obtained, in the Circuit Court, a rule on the defendant to show cause why satisfaction should not be entered on a judgment, which he had obtained against them. The Circuit Court discharged the rule.

The following are the facts: *Harwood* obtained judgment against *Amos Chapman* and *Thomas Williams* for 1,114 dollars, in the *Fayette* Circuit Court, at the *September* term, 1838. On the 6th of *July,* 1839, a *venditoni exponas* issued on the judgment, commanding the sheriff to sell certain land which had been levied on as *Chapman's,* which was returned

as follows: "As above commanded, I advertised the above described land as the law requires, and, on the third of *August*, 1839, exposed the same to sale as the law directs. *John Foster* then and there bid for the same the sum of 1,200 dollars, and no person bidding more, said land, with all the appurtenances, was, in due time, openly struck off to said *Foster*. But on the same, said *Foster* failed, and has ever since failed, to pay the money aforesaid or any part thereof. In consequence of which failure, I again advertised the same land as the law directs, and, on the 14th of *September*, 1839, exposed the same to sale as before, and *John Williams* then and there bid for the same 1,250 dollars, and no person bidding more, the same land, with all the appurtenances, was, in due time, openly struck off to the said *Williams* for the sum of 1,250 dollars aforesaid; and said *Williams* did not pay the said sum of money, nor hath he yet paid any part thereof. Therefore, I return this writ wholly unsatisfied, this 14th of *September*, 1839. *Thomas Lines*, Sheriff, *F. C.*"

There was a sale of the land under an *alias venditioni exponas*, but that sale does not concern the question before us.

The plaintiffs, in support of the rule, contend, that the sheriff's return aforesaid to the first *venditioni exponas*, shows the judgment to be satisfied by a sale of the land levied on. We do not think so. *Chapman's* title to the land was not divested by the proceedings under the said execution. No conveyance of the land was executed by the sheriff, nor was the purchase-money paid. It does not even appear, that the striking off of the land to either *Foster* or *Williams* was a binding contract for a conveyance to either of them. To make the contract in such case valid, under the statute of frauds, a memorandum in writing must be made of the proceeding *at the time the land is struck off;* and no such memorandum is shown to have been so made here (1). Besides, if the sheriff had even conveyed the land without receiving the purchase-money, the conveyance would have been void, because he had no authority to sell except for cash. He is a special agent, and cannot exceed the powers which the law gives him.

It is a mistake, therefore, to say that the judgment was paid by a sale of *Chapman's* land, without payment of the

purchase-money to the sheriff, under the first *venditioni exponas*.

*J. Ryman*, for the plaintiffs.

*J. B. Julian*, for the defendant.

(1) In *England*, a sheriff's sale of a term for years is within the statute of frauds. This was recently decided in an ejectment by the lessee of the execution-debtor against the purchaser of leasehold premises at sheriff's sale. The lease was handed over to the purchaser and he entered into possession, but no assignment in writing of the lease was made to him by the sheriff. Verdict for the plaintiff. Rule to show cause, &c. *Abinger*, C. B., said, "Here something is to be done by the sheriff before the title of the execution-debtor is divested out of him, or that of the purchaser is completed; namely, an assignment of the lease. Now, if a sheriff is bound to execute such an instrument, ought he not to do it in compliance with the established rules of law? In order to give a title to the property, he must find a specific person to assign it to, and give that person an assignment in writing, according to the express words of the statute of frauds. If there be any circumstance of hardship in this case, the defendant must seek his remedy in a Court of equity." *Alderson*, B., was of the same opinion. He said a parol assignment by a sheriff is open to all the evils of a parol assignment of property by any one else; parties would be setting up claims to property under pretence of such assignments if allowed; and the object of the statute, which was to prevent such practices, and the numerous perjuries and frauds resulting therefrom, would be entirely defeated. *Gurney*, B., concurred. Rule discharged. *Doe d. Hughes* v. *Jones*, 9 M. & Welsb. 372.

That a sheriff's sale of land is within the statute of frauds is decided in *Simonds* v. *Catlin*, 2 Caines' R. 61.—*Jackson* v. *Catlin*, 2 Johns. R. 248. 8 *id.* 520.—*Ennis* v. *Waller*, 3 Blackf. 472.—*Hunt* v. *Gregg*, post. *Vide* other cases cited in 4 Kent, 434, note.