May Term,
1856.

HADDEN
v.
JOHNSON.

---

## HADDEN v. JOHNSON.

A party is not obliged, as a general rule, to adopt any particular order in the introduction of testimony: he may prove the various facts in his case in the order which he prefers.

Sheriff's sales of real estate are within the statute of frauds; and unless the sheriff, when he strikes off the property, makes some note or memorandum of the sale, he can not compel the purchaser to comply with the terms thereof.

But if, when the land is struck off, the vendee pays the purchase-money, and receives a deed during the lifetime of the execution, the circumstance that no memorandum of the purchase was made by the sheriff at the time of the sale, will not affect the validity of his title.

A parol contract for the sale of land, is voidable merely, and not void: the statute does not wholly vacate it, but inhibits the bringing of an action to to enforce it.   The parties may execute it, if they choose; but they can not be compelled to do it.

*Tuesday,*
*May 27.*

APPEAL from the *Putnam* Circuit Court.

DAVISON, J.—This was disseizin, commenced on the 11th of *March*, 1852, for a tract of land in *Sullivan* county. On change of venue, the cause was tried in the *Putnam*

Circuit Court. *Hadden* was the plaintiff below and *Johnson* the defendant. Plea, not guilty. Verdict for the defendant. New trial refused and judgment.

To prove title to the premises in dispute, the plaintiff gave in evidence two judgments rendered by the *Sullivan* Circuit Court, one in favor of the state of *Indiana*, on the relation of the auditor of *Sullivan* county, and against *Peter Johnson* and others, for 1,502 dollars; the other in favor of the state, against the same defendants, for 1,227 dollars. He also gave in evidence two executions, one on each judgment, and both directed to the sheriff of said county, and thereupon offered to read in evidence the several returns indorsed on the executions. These returns state, *inter alia*, that the sheriff, by virtue of said writs, had levied on the land now in controversy, as the property of *Peter Johnson*, and on the 10th of *May*, 1848, at, &c., sold the same in fee simple to *Hadden*, the plaintiff, for 300 dollars, and that he paid the purchase-money. The returns are dated *September* 5, 1848. Objection being made to the introduction of this evidence, the Court ruled "that unless the plaintiff would prove that the sheriff, at the time he struck off the land at the aforesaid sale, made some note or memorandum thereof in writing, the returns would be excluded; and the plaintiff failing to give any evidence of the making of such note or memorandum at said time, the Court thereupon excluded the evidence." To this ruling the plaintiff excepted, and then informed the Court that he intended to take the question of law involved in the exception to the Supreme Court, which was accordingly ordered, &c.

If these returns were at all admissible, and we think they were, it was error to exclude them on the ground that their admission should be preceded by proof of a note or memorandum of sale; because, as a general rule, and this case is not an exception, a party is not bound to adopt a particular order in the introduction of testimony; he has a right to prove the various facts in his case in the order which he prefers. 4 Blackf. 174.—9 Gill & John. 476.— 8 Dana 74.—1 How. (Miss.) R. 247.

The appellee, however, assumes that no such note or memorandum was made; and upon that assumption he contends that *Hadden* could have no title, under the sheriff's sale, to the premises sued for. Sales on execution are within the statute of frauds, and unless the sheriff, when he strikes off the property, makes some note or memorandum thereof, he can not compel his vendee to comply with the terms of the sale; because the law will not allow a suit to be sustained upon any contract for the sale of lands, unless it be in writing. But may not the sheriff's vendee perform the contract without suit? Suppose he bids off the land, pays the purchase-money, and the sheriff fails, at the time, to reduce the contract to writing, but on the next day, or during the life of the execution, executes a deed pursuant to the sale, which is accepted by the vendee, would such deed be a nullity? We know of no principle or authority in support of an affirmative answer to that question.

The appellee refers to *Chapman* v. *Harwood*, 8 Blackf. 82. The only point decided in that case was this: "If land be struck off at a sheriff's sale to a bidder, but the land be not conveyed by the sheriff, nor the purchase-money paid, the execution-debtor's title to the land is not divested, nor is the judgment satisfied by the sale." There seems to be no analogy between the question thus decided and the one presented by this record. Here the returns plainly show that the purchase-money was paid; and the inquiry arises, was it competent for the sheriff, though no note or memorandum of sale had been made, to execute a valid deed to the purchaser? True, in *Chapman* v. *Harwood*, it is said that "to make a contract, *in such case*, valid under the statute of frauds, a memorandum in writing must be made of the proceeding at the time the land is struck off." But the phrase "in such case," as used by the Court, at once shows that the principle stated was intended to be applied to the case before it, and not to cases where the purchase-money has been paid and a sheriff's deed made and received by his vendee.

*Hunt* v. *Gregg*, 8 Blackf. 105, is also relied on in support of the ruling of the Court. That was an action by *Gregg*, the sheriff, against *Hunt*, to recover the price of a town lot purchased by him at a sale on execution. It was held that the sheriff could not recover, because it was not proved that, at the time the sale occurred, he made a memorandum thereof in writing, nor was it shown that a deed for the lot had been offered to the purchaser. We fully accord with that decision. There being no such memorandum, *Hunt* was not bound to pay the purchase-money, though a deed had been tendered. This is really all that that case decides. Its application to the point under consideration is therefore not perceivable.

It has been decided that by the statute of frauds a parol contract for the sale of land is voidable merely, and not void. The statute does not wholly vacate the contract, but only inhibits all actions brought to enforce it. 15 Mass. 82.—2 Rawle 53.—15 Ala. 976. This exposition of that statute, is, in our opinion, correct. Where, then, the sheriff sells real estate on execution, but makes no memorandum of such sale, it may be that neither party to the contract is bound to execute it, because the law affords no remedy. But we perceive no valid reason why the parties, if they please, may not execute such contract, though they can not be compelled to do it. If *Hadden*, the plaintiff, has paid the amount of his bid, and received a sheriff's deed for the premises in contest, made in due form of law within the life of the execution, the statute of frauds does not, it seems to us, apply to the case. And such deed should be held valid, whether there was or not a memorandum in writing made at the time of the sale. The record does not show that a sheriff's deed was offered or given in evidence; nor is it important that it should. The reserved question is alone before us. The ruling of the Court, in effect, admits that the returns were legal evidence, provided the plaintiff would first show a note or memorandum of the sale, in accordance with the statute of frauds. We hold that the returns were legitimate evidence in the cause, and should have been admitted uncon-

ditionally, and, further, that such memorandum was not essential to the plaintiff's recovery.

GOOKINS, J., having been concerned as counsel, was absent.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*S. B. Gookins* and *D. R. Eckels*, for the appellant.

*J. P. Usher*, for the appellee.