### FOWLER *v.* BURGET.

Where the ground of objection to the admission of testimony does not appear in the record, the ruling of the Court below will be presumed to be correct.

Suit by a father for the wages of a minor son. Answer: General denial. On the trial, the defendant offered to prove that the father had verbally agreed that the son should work for defendant until he arrived at his majority, his clothes, board and schooling to be provided by defendant in return for his services, but the evidence was rejected.

*Held*, that the contract, though not reduced to writing, was not void, but merely voidable; as the statute of frauds does not operate to vacate such contracts, but only to inhibit all actions brought to enforce them.

May Term,
1861.

Fowler
v.
Burget.

Saturday,
June 8.

*Held*, also, that the evidence offered was admissible under the general denial, as it tended to disprove a material fact alleged in the complaint.

APPEAL from the *Wabash* Common Pleas.

DAVISON, J.—The appellee, who was the plaintiff, sued *Fowler*, alleging in his complaint that the defendant was indebted to him $450, for work and labor done and performed by plaintiff and his servants, from *July* 20, 1853, to *January* 20, 1857, for the defendant, and at his request. And also in the further sum of $10, for property sold and delivered by the plaintiff to the defendant, &c. Defendant answered: 1. By a general traverse. 2. By set-off. Issues being made, the cause was submitted to a jury, who found for the plaintiff, $120. Motion for a new trial denied, and judgment, &c. There was a bill of particulars filed with the complaint, whereby it appears that the work and labor in question was done by the plaintiff's son, *George Burget*, then a minor. And upon the trial the plaintiff offered to prove that the defendant, in a conversation with said *George Burget*, proposed to give him, *George*, a horse, saddle and bridle, and a freedom suit of clothes, provided he would remain with defendant and perform service for him until he, *George*, should arrive at the age of twenty-one; but he declined the proposition. The introduction of this evidence, though resisted by the defendant, was allowed by the Court, and he excepted, &c. As the ground upon which the defendant resisted is not shown, we must presume the ruling of the Court correct.

In a bill of exceptions, it appears that during the trial, one *Elmore Fowler*, a witness called by the defendant, testified thus: "About the last of *August*, 1854, the plaintiff told me that defendant was to keep said *George Burget* until he arrived at the age of twenty-one, and to clothe, board and school him; and upon his arrival at that age, to give him $50 in cash, and a freedom suit." Witness further testified, that plaintiff told him that said agreement was not in writing. The plaintiff, at the proper time, moved to strike out this evidence, which motion the Court sustained, and the defendant excepted.

In support of the motion, two grounds were assumed.

1. The evidence stricken out, if true, proved a contract not to be. performed within a year, and under the statute of frauds, such contract to be valid and effective as evidence should have been in writing.   2. If the evidence proved a binding contract, it was improperly before the jury, because there was no pleading under which it could be legally admitted.   These grounds, it seems to us, are untenable.   The contract, though not reduced to writing, was not void; but merely voidable.   The statute of frauds does not so operate as to vacate such contracts, but only inhibits all actions brought to enforce them.   *Hadden* v. *Johnson*, 7 Ind. 394.   In this instance, the evidence tended to prove a subsisting special contract, under which the work and labor sued for in this action was to be performed for the defendant, and by him paid for, not to the plaintiff, but to his minor son, *George Burget.*   And the inquiry arises, was the evidence in question pertinent to the issues?   If it was, it plainly tended to disprove the plaintiff's cause of action; because he was not entitled to recover for the work and labor of *George Burget*, if the facts disclosed by the evidence really existed.   In this case, as we have seen, the general denial is pleaded to the action.   That defense puts in issue every material fact alleged in the complaint, and it seems to follow, that evidence tending to disprove any such material fact should be admitted under that pleading.   1 Vansantvoord's Pl., 405, *et seq.*   Here, the plaintiff, in order to recover, was bound to prove that he, by his son and servant, did the work, &c., charged, at the defendant's request.   This the evidence tended to disprove.   It was, therefore, improperly stricken out.

*Per Curiam.*—The judgment is reversed, with costs.   Cause remanded, &c.

*Knight & Goodwin*, for the appellant.

*Orris Blake*, for the appellee.