Ruckle *et al. v.* Barbour *et al.*

---

## RUCKLE ET AL. *v.* BARBOUR ET AL.

SHERIFF'S SALE.—*Statute of Frauds.*—Sheriffs' sales are within the statute of frauds.

SAME.—A memorandum of a sale of lands, made at the time of the sale, in a private sale-book kept by the sheriff, and opposite a printed notice of the sale pasted therein, stating the name of the purchaser and the amount for which the land sold, but which is not signed by the sheriff or his deputy, is not a sufficient memorandum to satisfy the statute of frauds.

SAME.—Where lands were properly offered for sale by the sheriff and were struck off to a bidder, but the purchase-money was not paid, nor any valid memorandum of the sale made by the sheriff, and the grantor of the judgment debtor offered to pay and tendered the amount due upon the judgment, which tender was refused;

*Held,* that he had a right to make such payment, and that the effect of the tender could not be avoided by a subsequent execution of a certificate of purchase.

*Held,* also, that the fact that the sheriff had indulged the purchaser for sev-

eral months on account of arrangements for payment, made by the purchaser with the execution plaintiff, could not affect the rights of the execution defendant or his grantee.

SAME.—*Certificate of Purchase.*—The sheriff has no authority to execute a certificate of purchase until the purchaser has paid his bid or caused the judgment to be satisfied to that extent.

SAME.—*Tender.* —*Paying Money into Court.*—In an action for an injunction by the grantee of a judgment debtor who has tendered the amount due on the judgment, after a sale by the sheriff which is ineffectual because of the failure of the purchaser to pay his bid and because no valid memorandum in writing was made of such sale, it is not necessary that the tender shall be followed up by paying the money into court. It is enough that the plaintiff offers in his complaint to pay whatever sum shall be be found due on the judgment.

SAME.—*Indulgence to Purchaser.*—All sales upon executions or orders of sale must be for cash; but inasmuch as the sheriff, in case of non-payment, may re-expose the property on the same or a subsequent day, it may be reasonably inferred from the power to re-expose on a subsequent day, that he may give reasonable time to the purchaser for the payment of his bid, provided a proper memorandum of the sale has been made.

From the Marion Civil Circuit Court.

*J. Hanna* and *F. Knefler*, for appellants.

*L. Barbour* and *C. P. Jacobs*, for appellees.

BUSKIRK, C. J.—The complaint in this cause avers substantially the following facts:

That on the 3d day of January, 1871, the Indiana National Bank of Indianapolis, assignee of Joseph A. Yancy, recovered a judgment against John Fetro for six hundred and one dollars and sixty-five cents; that in the same action the court further adjudged that the sum of eleven hundred and twenty-six dollars would be due from said Fetro to said bank on March 1st, 1871; that the further sum of eighteen hundred and fifty-seven dollars and ninety cents would be due March 1st, 1872; and the further sum of nineteen hundred and fifty-six dollars would be due March 1st, 1873; that there was in such case a decree of foreclosure and order of sale, in the manner provided by statute; that afterward, by proceedings had in said court, wherein the said Fetro was plaintiff, and the said Yancy and the said bank were defendants, the amount of said judgment was corrected, to wit, on the 12th day of January, 1872, so that it

was reduced from six hundred and one dollars and sixty-five cents to the sum of three hundred and twelve dollars, and the said other sums remaining the same as in the original decree; that afterward the bank caused a copy of the decree, as corrected, to issue to said Ruckle, as sheriff, who, by virtue thereof, on the —— day of ——, 1872, levied the same on the lands described in the decree, containing seventy-four acres, as the property of Fetro, advertised the same for sale on the 2d day of March, 1872, under the said decree and order of sale; that on the 2d day of March, 1872, the sheriff made a pretended sale of the said lands to Yancy for the sum of five thousand four hundred and nineteen dollars and twenty-eight cents, the said sheriff and bank declaring that sum to be the amount of principal, interest, and costs, and said lands were struck off and sold to said Yancy for said sum; that said sum is in excess of the true amount due, but how much in excess is not stated; that said Yancy did not at the time pay to the sheriff the amount by him bid, and had not paid the same to the sheriff up to the time of filing the complaint, to wit, the 29th day of February, 1873; that the said sheriff did not return said order of sale with any indorsement of his doings thereon within one hundred and eighty days, nor had he, up to the commencement of the suit, made any return thereon; that the plaintiffs were the legal owners of the land described in the decree and order of sale, and had tendered to the sheriff and the bank the principal, interest, and costs due upon said decree, which was declined; that they are ready and willing to pay to the sheriff, or whoever is entitled to receive the same, the principal, interest, and costs due upon said decree; but they say that Yancy pretends and claims he is entitled to be held and considered a purchaser as of the date of March 2d, 1872, for the sum by him bid, and that he is entitled to the amount of his bid and ten per cent. interest thereon from March 2d, 1872, as a purchaser, and that he refuses to receive a less sum; that the sheriff and Yancy insist that appellees must redeem, if at all, from said sale as a valid sale; that the sheriff is about to make a return on said

order of sale, and that he will deliver a certificate of purchase to said Yancy as of the date of March 2d, 1872, and will execute a deed to said Yancy or his assignee; that the said sheriff had not previously executed and delivered a certificate of purchase, because the said Yancy had not paid his bid; that the said sheriff would make a return on said order of sale, and execute and deliver to the said Yancy a certificate of purchase and a deed, unless restrained from so doing by an order of court; that at the time of the said sale the sheriff made no memorandum thereof by him signed.

The prayer of the complaint was for an injunction restraining the sheriff from making a return to the order of sale, and from executing a certificate of purchase and a deed to the said Yancy; for an ascertainment of the amount due upon the said decree of principal, interest, and costs; and that upon the payment thereof the same should be ordered satisfied; and for general relief.

Separate demurrers were filed and overruled to the complaint, and exceptions taken.

The court granted a temporary restraining order.

The defendants answered separately. The court sustained a demurrer to each of the separate answers, and the appellants separately excepted.

The appellants refused to answer over, but elected to stand by the judgment on the demurrers to their separate answers. The court thereupon rendered a judgment in favor of the appellees, restraining the sheriff from making a return on the order of sale, and from executing to the said Yancy a certificate of purchase or a deed for said lands under said pretended sale.

The errors assigned are the overruling of the demurrers to the complaint, and the sustaining of them to the separate answers.

The principal and controlling question in the case is, whether there was a valid sale of the land in controversy; for if there was, then appellees would have to redeem, if so entitled, under the statute of June 4th, 1861 (2 G. & H. 251); but

if the sale was invalid, then the appellees, being the owners in fee of the land, would have the right to pay the amount of principal, interest, and costs due upon the decree, and thus discharge the incumbrance upon their land.

The material averments in the complaint are:

1. That the sheriff did not, within the lifetime of the execution or order of sale or up to the commencement of the present action, which was nearly twelve months after the sale, make a return on the decretal order.

2. That the purchaser had not, up to the commencement of this action, paid the amount of his bid.

3. That the sheriff had not executed to the purchaser a certificate of purchase.

4. That no note or memorandum of such sale was made at the time thereof and signed by the sheriff, or by any other person thereunto lawfully authorized.

The separate answers of the sheriff, Yancy, and the Indiana National Bank are quite lengthy, and we do not deem it necessary to set them out in this opinion, as we can state the material parts of them.

The answer of the sheriff contains a full history of his proceedings down to the point of time when he struck off the land to Yancy, and then says that "said defendant, as such sheriff, at the time in his sale-book, opposite the printed notice of sale therein pasted and affixed, did make a written memorandum stating the amount so bid, and the name of the purchaser, all of which more fully appears by the entry in his said book."

It is further averred: "That it is true that his co-defendant, Yancy, did not, at the time, pay to him in money the amount of his bid; but he says that by the terms of the decree, he, said sheriff, was of the proceeds of the sale to first satisfy a prior lien on said realty, the same being a certain judgment and decree in favor originally of one William K. Hogshire, and by him assigned, as appears of record, to one Anna Burns, and he, shortly after the date of the sale, was informed that said Yancy had made some arrangement and

agreement with the said Burns, whereby she did not require actual payment at once of the amount so due to her; and further, that he, said Yancy, also had some arrangement with the said plaintiff in said cause, in which said sale was made, of the precise nature of which he, said defendant, was not at the time advised, whereby the said plaintiff did not at the time press said Yancy for the actual payment in cash of the amount due the plaintiff on said bid in said cause. And the defendant says the reason why his return was not at the time of sale prepared was by reason of these arrangements made with the parties in interest, and by reason of the fact that the costs at the time were not paid; but defendant says thereafter, and long before the plaintiffs in this cause commenced this action, he, said Yancy, did satisfy all costs, and he, said sheriff, did execute and deliver to him, said Yancy, as of the date of sale, a certificate of purchase, being assured that the parties in interest would at any time execute to him the necessary receipts for the money due them respectively. And the said defendant says that the said Burns has receipted on the proper record her said prior lien and judgment so assigned to her by said Hogshire, and that the Indiana National Bank of Indianapolis, the plaintiff in said cause, has, in fact, receipted the decree for the amount due the bank on said bid after the payment of all costs and the said prior lien and judgment of said decree. And defendant says that before the service of process in this cause, his attorney, John Hanna, had in fact prepared in full the return to be made to the decree on which said sale was made, but that he had not in fact signed the same, his deputy, Harry C. Adams, being engaged at the time he, said defendant, was served with process, in making a copy of said return so prepared by said Hanna, as aforesaid, and that said return is now affixed to said decree and signed."

The sheriff, in the subsequent part of his answer, denies all of the allegations of fraud made against him, avers that he acted in good faith, and according to the wishes of the parties in interest.

The answer of Yancy contains a history of the proceedings

and sets forth in detail the arrangements he had made with the bank and Mrs. Burns, by which the payment of the amount by him bid was delayed, and the execution of the certificate of purchase, but it is not shown when it was executed.

There is nothing in the answer of the bank that has any bearing upon the case, except that the decree had been receipted, but when is not stated.

The pleadings disclose the following facts:

1. There was a valid decree and order of sale.

2. There was proper notice of sale, and the property was struck off by the sheriff on the 2d day of March, 1872, to Joseph A. Yancy.

3. That the present action was commenced no the 29th day of February, 1873.

4. There was no return made by the sheriff on the order of sale, at the time of the sale, or within the lifetime of the execution, or up to the commencement of this action.

5. That at the time of the sale the sheriff made a memorandum, in a private sale-book, opposite the printed notice of the sale, stating the name of the purchaser and the amount for which it was sold, but this memorandum was not signed by the sheriff or his deputy.

6. The purchase-money was not paid, nor was the decree receipted by the bank prior to the commencement of this action.

7. The sheriff, at some time prior to the commencement of the present action, executed and delivered to Yancy a certificate of purchase, but at such time the purchase-money was unpaid, and the decree unsatisfied.

The law is well settled that a sale by a sheriff of real estate, upon an execution or an order of sale issued upon a decree of foreclosure, is within the statute of frauds, and can not be enforced by either party unless the sheriff, at the time of the sale, make a memorandum of such sale and sign the same; and it is equally well settled that if land be struck off at a sheriff's sale to a bidder, but the land be not conveyed by the sheriff, nor the purchase-money paid, the execution debtor's

titled to the land is not divested, nor is the judgment or decree satisfied by the sale. *Ennis* v. *Waller*, 3 Blackf. 472; *Chapman* v. *Harwood*, 8 Blackf. 82; *Hunt* v. *Gregg*, 8 Blackf. 105; *Hadden* v. *Johnson*, 7 Ind. 394; *Curran* v. *Curran*, 40 Ind. 473; *Remington* v. *Linthicum*, 14 Peters, 84; 4 Kent Com. 434; Rorer Judicial Sales, 30, secs. 61, 62; Browne Statute of Frauds, 230, and the numerous cases cited.

But such sale is not void, but voidable merely, and may be executed by the parties, though neither party is bound to execute it, because the law affords no remedy. When the sale is taken out of the operation of the statute by a memorandum or acts of part performance, it may be enforced.

There is some conflict in the authorities as to what will constitute a sufficient memorandum to satisfy the requirements of the statute, but all the authorities agree in holding that the return of a sheriff upon an execution or order of sale, if made and signed at the time of the sale and filed in the office from which it was issued within the lifetime of the writ, will be sufficient to take the sale out of the statute of frauds. *Hadden* v. *Johnson*, 7 Ind. 394; *Barney* v. *Patterson*, 6 Har. & J. 182; *Hanson* v. *Barnes' Lessee*, 3 Gill & J. 359; *Elfe* v. *Gadsden*, 2 Rich. 373; *Fenwick* v. *Floyd*, 1 Har. & G. 172; *Nichol* v. *Ridley*, 5 Yerg. 63; Browne Frauds, 358, *et seq.*

It is very earnestly insisted by counsel for appellants that the memorandum made by the sheriff in his private sale-book is sufficient to take the case out of the statute. In *Remington* v. *Linthicum*, 14 Peters, 84, a defective return of the marshal upon an execution was sought to be aided by a memorandum made by him in his private sale-book, but TANEY, C. J., speaking for the court, says:

" We have said nothing of the short returns endorsed, in the first instance, on these executions; nor of the accounts of sales contained in the marshal's private book of accounts; because the returns, as first written, did not name the purchaser, nor state the price paid for the property; and were, consequently, not of themselves such written evidence as would satisfy the statute of frauds. Nor can they be made better by

reference to the memorandum of the sales in the private book accounts of the marshal, which certainly was not that kind of written evidence of the contract of which Linthicum could avail himself, in order to avoid the operation of the statute of frauds. We place the decision upon the special return before mentioned."

But, without deciding whether a sufficient memorandum might be made by the sheriff in his private sale-book, we must hold the one made in the present case wholly insufficient to satisfy the statute of frauds, for the obvious and sufficient reason that it was not signed by the sheriff or by any person thereunto by him lawfully authorized. It is provided in the fifth subdivision of sec. 1 of our statute of frauds, 1 G. & H. 350, that the contracts enumerated in said section shall be incapable of enforcement, " unless the promise, contract or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized."

Browne Frauds, sec. 355, p. 368, says: " Whatever be the form of the memorandum, the statute requires that it be signed. Though it should be all written out with the party's own hand, there must still be a signature." The text is fully supported by the numerous cases cited in the notes.

It is also claimed by counsel for appellants, that the execution of the certificate of purchase satisfied the statute of frauds. It is confessedly true that when the certificate was issued, the purchase-money remained unpaid in fact, and the decree unsatisfied. The agreement of the bank and the holder of the prior lien to extend the time of payment of the purchase-money could not affect the rights of the judgment debtor or his grantee. It is provided by the second section of the act of June 4th, 1861, that " upon payment of the purchase-money the sheriff or other officer making such sale shall issue to the purchaser a certificate," etc.

The payment of the purchase-money constitutes a condition precedent to the power of the sheriff to issue a certificate of

purchase. It was held in *Chapman* v. *Harwood*, 8 Blackf. 82, that if the sheriff executed a deed without receiving the purchase-money, the deed would be void. It was held in *Splahn* v. *Gillespie, post,* p. 197, that a sale upon a satisfied judgment was a nullity, and vested no title in even an innocent purchaser. The certificate in the present case having been issued without the payment of the purchase-money was void, because the sheriff possessed no power to issue it. Conceding that the payment of the purchase-money and the execution of a certificate of purchase would satisfy the statute, the one issued in this case, being void, could not have that effect.

It is quite obvious that there was no such memorandum of the sale as is required by the statute of frauds. There was no payment of the purchase-money. The title of the judgment debtor was not divested, nor was the decree satisfied. It was held in *Splahn* v. *Gillespie, supra,* that when there was a valid judgment, execution, payment of the purchase-money, and a deed, the title of the judgment defendant would be divested, although there was no return made upon the execution. The ruling in that case was based, in part, upon the case of *The State, ex rel. Wilber,* v. *Salyers,* 19 Ind. 432, which is much relied upon by counsel for appellants. In that case, it was held that when a sheriff levies an execution upon real estate, and sells it for enough to pay the debt, receives the money, and makes the purchaser a deed, the judgment is extinguished, whether the sheriff make return to the execution or not, or though he make a false return. The ruling in that case proceeded upon the principle that a sale of real estate which is within the statute of frauds is not void, but voidable, and may be executed by the parties. The purchase-money having been paid, the sheriff was authorized to make a deed, and the making of the deed took it out of the statute. When the appellees tendered to the sheriff and the bank the amount due upon the decree, the title was not divested, nor was the decree extinguished. The sale being invalid, they had the undoubted right to pay the amount due upon the decree, of principal, interest, and costs. The appellees had become the owners, by

purchase from the mortgagor, of the equity of redemption, and as such had the clear and undoubted right to remove the incumbrance upon the land, and by such purchase they were subrogated to all the rights of the mortgagor. This is well settled by authority and on principle. *Rardin* v. *Walpole*, 38 Ind. 146.

But it is contended by counsel for appellants that the complaint was bad, because the appellees did not keep their tender good by paying the money into court. It was held in *Lynch* v. *Jennings*, 43 Ind. 276, that it was sufficient to allege that the party was ready, able, and prepared to pay whatever sum might be found due.

Having reached the conclusion that the sale was invalid, it is not necessary for us to decide whether the purchaser of the equity of redemption has the right to redeem under the act of June 4th, 1861, and we decide nothing in reference thereto.

It is further contended by counsel for appellants, that the failure of Yancy to pay the amount of his bid can not affect the validity of the sale, because a remedy is provided for such a case by secs. 476 and 477 of the code, 2 G. & H. 252. It is provided by sec. 476, that upon the failure of the purchaser to pay the purchase-money, the sheriff may, upon motion and notice, recover the amount bid, with interest and costs, and damages not exceeding ten per cent. The section referred to furnished no remedy in the present case, for it was held in *Hunt* v. *Gregg*, 8 Blackf. 105, and *Hadden* v. *Johnson*, 7 Ind. 394, that there could be no recovery under such section unless there was a memorandum of the sale, made at the time thereof, and sufficient to satisfy the statute of frauds, and we fully accord with such decisions..

Sec. 477 is as follows: "Or the sheriff may re-expose and sell the property, on the same or any subsequent day, according to law, and if the amount bid at the second sale shall not equal the amount bid at the first sale, and the costs of the second sale, the first purchaser shall be liable for the deficiency, and damages thereon, not exceeding ten per cent., and interest

and costs, to be recovered by a like notice and motion as provided in the last section."

Inasmuch as the sheriff may re-expose and sell the property on the same day, he may require the immediate payment of the amount of the bid. In fact, all sales upon executions and orders of sale must be for cash. *Chapman* v. *Harwood, supra.* We think it may reasonably be inferred from the power to re-expose and sell at a subsequent day, that the sheriff may give reasonable time to the purchaser for the payment of the amount bid, but in such case he should, at the time of the sale, make upon the execution or decretal order a memorandum of the sale, sufficient to satisfy the statute of frauds. If the sheriff requires the immediate payment of the purchase-money, and it is not paid, he may, on the same day, within the hours prescribed, without any further notice, re-expose and sell the property, and if he make a memorandum of the first sale, and the failure of the purchaser to pay his bid, he may pursue the remedy given by the above section to recover any deficiency which may accrue upon the second sale. Or if he make the proper memorandum, and give reasonable time for the payment of the purchase-money, and it is not paid, the rights of the parties are secured, and the remedy given may be pursued. We can not approve of the mode pursued by the sheriff in the present case. He did not require the prompt payment of the purchase-money, and, upon failure to pay, re-expose and sell the property, nor did he, when he gave time, in compliance with the wishes of the plaintiff, fix and secure the rights of the parties by making the proper memorandum of the sale. But the matter stood in abeyance for nearly twelve months, during which time the sheriff had no power to compel the payment of the purchase-money, nor had the purchaser the right to compel the sheriff to make a return and execute a certificate of purchase. The parties might have completed the sale, but neither could be compelled to do so.

While matters stood in this condition, the appellees, having become the owners of the equity of redemption in the mortgaged property, had the undoubted right to pay and satisfy the

decree, and thus remove the incumbrance from their property. We are very clearly of the opinion, that the court committed no error in overruling the demurrers to the complaint, or in sustaining them to the answer.

As the appellants permitted judgment to be rendered on demurrer, no motion for a new trial was necessary; and as there was no evidence in the cause, no question is presented as to the action of the court in overruling the motion for a new trial.

The judgment is affirmed, with costs.