No. 8336.

CARNAHAN, GUARDIAN, ET AL. *v.* YERKES ET AL.

SHERIFF'S SALE.—*Execution.*—*Lien of Judgments.*—*Priority.*—*Injunction.*—
There were three judgments against A., liens on his real estate, and, by virtue of executions in his hands on the first and third judgments, the sheriff (having none on the second) sold the land to the defendant, who held the third judgment. He paid enough of his bid to the sheriff to satisfy the first judgment, and it was so applied ; and the residue he di-

Carnahan, Guardian, *et al. v.* Yerkes *et al.*

rected the sheriff to credit on his own execution, which was done, but the sheriff returned that execution unsatisfied, stating that the defendant had failed to pay to the sheriff the balance of his bid, wherefore the sale was void. Subsequently, the plaintiff, B., who held the second judgment, bought the land at a sheriff's sale upon execution issued on his judgment. The sheriff was about to convey to the first purchaser.

*Held*, in an action by B. to enjoin the sheriff from executing a deed to the defendant, that B. was entitled to an injunction to prevent the sheriff from making such deed, without first tendering to the first purchaser the amount paid by him in satisfaction of the first judgment.

*Held*, also, that the judgments, in the order of their dates, were liens on the fund derived from the first sale, and the fund should have been so applied.

SAME.—*Payment of Bid.*—Payment of the purchase-money at a sheriff's sale of real estate is necessary to complete the purchase, and to entitle the purchaser to a deed.

SAME.—*Bona Fide Purchaser.*—An execution creditor who bids off property at a sale upon his own execution, and applies the bid to the payment of his own judgment, is not a *bona fide* or innocent purchaser.

From the Fountain Circuit Court.

*G. W. McDonald* and *M. Milford,* for appellants.

*L. Nebeker, S. M. Cambern* and *H. H. Dochterman,* for appellees.

MORRIS, C.—This action was brought by the appellees against the appellant and others, for the purpose of enjoining John M. Bailey, sheriff of Fountain county, from executing a deed as such sheriff, to the appellant Carnahan.

The complaint states, that, on the 15th day of May, 1876, Andrew P. Potts recovered a judgment in the Fountain Circuit Court against Franklin Yerkes for $302.85, and costs, on which said Yerkes paid $88; that said Potts subsequently assigned said judgment to William C. B. Sewell; that, on the 26th day of September, 1876, Johnson Cook recovered in said court a judgment for $579.35 against said Franklin Yerkes and the appellees, Allen Yerkes and Barclay Yerkes; that, on the 26th of September, 1877, the appellant, as guardian, recovered a judgment in the same court against Franklin Yerkes and others for $674; on the 15th day of January, 1878, the

sheriff of said county, by virtue of an alias execution, duly issued on the first of the foregoing judgments, levied upon certain real estate in said county, which is described in the complaint, and known as the store-room property. The sheriff had, at the same time, an execution in his hands issued on said judgment in favor of the appellant; the sheriff advertised said property for sale on both executions, February 23d, 1878, on which day the property was sold by the sheriff to Carnahan for the sum of $1,046.58; no money was paid on the day of sale, nor until nearly a month afterwards; on the day of sale the sheriff agreed with Carnahan's attorney to give him time to go to Attica, Fountain county, and send him the money; at the same time Carnahan's attorney told the sheriff to credit the execution issued on the Carnahan judgment, with the residue of the bid, after the satisfaction of the Sewell writ; that, on the 21st of March, 1878, he sent to the sheriff $302.85 to be applied on said bid; that the sheriff did not make return of said writ issued on said Carnahan judgment during its lifetime, nor until the 22d day of August, 1878; that Carnahan has failed to complete his purchase, by refusing to pay to the sheriff the balance of the $1,046.58; that the sheriff finally returned the execution on the appellant's judgment, stating that the same was not satisfied, and that the sale was null and void because of the appellant's failing to pay the balance of his bid; that afterwards, on a *vendi.* duly issued on said Cook judgment, the same property was duly sold by the sheriff of said county to the appellees for the sum of $806; that the sheriff, Bailey, was about to execute and deliver to the appellant, as such pretended purchaser of said property, a deed for said real estate. The prayer of the complaint is that he may be enjoined from delivering such deed. The defendants, John M. Bailey, Franklin Yerkes and William C. B. Sewell made default.

The appellant John M. Carnahan, who alone appeals, demurred to the complaint, for want of facts. The demurrer was overruled.

The appellant then answered the complaint in two para-graphs, the first being a general denial. The second paragraph states the facts in detail substantially as they are stated in the complaint, with the additional statement, that, when the sale was made, the sheriff gave appellant's attorney ten days in which to raise the amount due on the Potts judgment, $302.85, at the time giving him the amount of said judgment; that said attorney then and there paid the balance due on said sale, by directing the sheriff to credit the same on the execution in his hands, issued on the appellant's judgment, which said sheriff did, on the 23d day of February, 1878, and thereupon executed and delivered to him a certificate of purchase for said property, a copy of which is attached to the answer; that, on the 25th day of February, 1878, he paid said sheriff said sum of $302.85, which was accepted by the sheriff in full satisfaction of his bid. Upon these facts the appellant demands judgment.

The appellees demurred to the second paragraph of the answer. The demurrer was sustained.

The cause was submitted to the court for trial. At the request of the parties, the court found the facts specially, and stated its conclusions of law. The appellant excepted to the conclusions of law. He also moved for a new trial, which motion was overruled. A decree, perpetually enjoining the sheriff from delivering a deed of said property to the appellant, was rendered in favor of the appellees. The rulings of the court upon the demurrers, the motion for a new trial, and the conclusions of law stated by the court, are brought in question by the errors assigned.

We think the court did not err in overruling the demurrer to the complaint. If no money was paid on the day of sale, no memorandum made in writing by the sheriff at the time, and the execution on the appellant's judgment was returned by the sheriff unsatisfied, with the statement that the sale was void, for the reason that the appellant had failed and refused to pay the sum bid by him for the property, the ap-

pellant was not entitled to a deed from the sheriff. The payment of the purchase-money is a condition precedent to the delivery of the deed by the sheriff to the purchaser. It is the payment of the purchase-money that completes the sale and entitles the purchaser to a deed. *Ruckle* v. *Barbour,* 48 Ind. 274; *Chapman* v. *Harwood,* 8 Blackf. 82 (44 Am. Dec. 736). There was no error in overruling the demurrer to the complaint. Nor was there any error in sustaining the demurrer to the 2d paragraph of answer. The answer admits that the several judgments obtained against Franklin Yerkes, as hereinbefore stated, were liens upon his real estate in the order in which they were rendered, and that the lien of Cook's judgment, upon which the appellees purchased, was prior to that of the appellant upon which he purchased. The liens of these judgments attached to the fund produced by the sale of the real estate, in the same order as to priority, in which they constituted liens upon the real estate itself. The fund for this purpose represents and stands for the real estate. Herman Ex., section 279, and cases cited; Freeman Ex., section 347. It was not competent for the appellant to substitute, for the fund arising from the sale of the land, a credit on an execution issued on a junior judgment. The prior judgment could not, in the nature of things, operate as a lien on such a credit. It follows, therefore, that the money bid by the appellant for the real estate in question should have been applied, after paying costs, first to the payment of the Potts judgment; secondly, to the payment of the Cook judgment; and thirdly, to the payment of the appellant's judgment.

The appellant, at the time he bid off the property, had constructive notice, at least, of the superior lien of the Cook judgment. He could not insist, therefore, that the sheriff should accept as payment of the sum bid by him for the property, or as payment of any part of said sum, a credit upon the execution issued upon his judgment, until the judgment constituting a prior lien had been paid. He could only perfect the sale and entitle himself to a deed by paying in cash the sum

bid, or so much of it at least as would be sufficient to discharge prior liens. This the appellant did not do. There was, therefore, no error in sustaining the demurrer to the second paragraph of the answer. An execution creditor who bids off property at a sale upon his own execution, and applies the bid to the payment of his own judgment, is not regarded as a *bona fide* or innocent purchaser. Herman Ex., sec. 328; Freeman Ex., sec. 300. The appellant, not having entitled himself to a deed by payment of his bid, and the rights of the appellees having intervened, he is not entitled to a conveyance of the land. There was no error in the conclusions of law stated by the court.

The court finds, as part of the facts in the case, that the appellant paid to the sheriff on his bid the sum of $302.83, to be applied in payment of the Potts judgment, and the costs accrued thereon, which judgment was the first lien on said property, and prior to that of the Cook judgment on which the appellees purchased, and that the sum so paid to the sheriff had been by him applied to the payment of the Potts judgment. The court also states, as a conclusion of law, that the payment so made discharged and extinguished said judgment.

The payment of the Potts judgment operated for the benefit of the appellees. It removed a lien which was prior to the Cook judgment, under which they purchased, and, had it not been so removed, they would have been compelled to pay it. Under the circumstances, equity would, perhaps, keep this judgment and its lien on the land alive for the benefit and security of the appellant. But the pleadings and record are not in such a condition as that the appellees can in this action be compelled to pay the sum so advanced by the appellant for their benefit, as the condition upon which the deed to the appellant for said land should be enjoined. It would be granting to the appellant relief which he has not asked, and which the facts set up in the answer would not justify. Had the appellant disclaimed any right to the land by virtue of the sale made by the sheriff to him, and asked that the money advanced by him for the

purpose of paying off the Potts judgment should be refunded, he might, perhaps, have been entitled to affirmative relief. This he has not done. He insists upon his right to a deed for the land, upon the ground that he had paid to the sheriff the amount bid by him for the land. The judgment and decree below should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.