No. 10,659.

LIGGETT v. FIRESTONE ET AL.

REDEMPTION.—*Sheriff's Sale.*—*When Year for Redemption Begins to Run.* —The year allowed by statute, R. S. 1881, section 768, for the redemption of real estate sold at sheriff's sale, begins to run on the day that the purchaser completes his purchase by the payment of his bid.

From the Marshall Circuit Court.

*J. D. McLaren* and *H. Corbin,* for appellant.

*A. C. Capron,* for appellees.

COLERICK, C.—This action was instituted by the appellant

against the appellees Amos C. Miller and John V. Astley as sheriff of Marshall county. After its institution the appellee Josiah Firestone was, by supplemental complaint, made a defendant thereto. Miller and Astley were defaulted; Firestone filed separate demurrers to the amended and supplemental complaints, which were overruled, and, he declining to answer over, final judgment was rendered in favor of the appellant, who, not being satisfied with the judgment rendered in her favor, moved the court for a new trial, which motion was overruled, and from the judgment so rendered she has appealed to this court. The errors assigned are:

1st. That the court erred in overruling the motion for a new trial.

2d. That the court erred in limiting the appellant's right to redeem to less time than one year allowed by the statute.

The amended complaint, in substance, averred that Miller, on the 20th day of January, 1881, recovered a judgment in the Marshall Circuit Court against the appellant and James F. Liggett, her husband, for $987.46, and the foreclosure of a mortgage executed to him by them, upon certain real estate, which is described in the complaint; that Astley, as such sheriff, on the 5th day of March, 1881, under and by virtue of an order of sale issued upon said judgment, offered said real estate for sale to satisfy said judgment, and that Miller, by his attorney of record, bid therefor $1,718.62, and, no person bidding more, the same was struck off to him for said sum; that at the time of said sale there was due to Miller, on his judgment, principal and interest, the sum of $997.41, and the further sum of $74.05 being the costs of said action and expenses of sale; that Miller, by his said attorney, receipted to the sheriff for the amount of his judgment, and paid said costs and expenses, and, thereupon, said sheriff made out and tendered to Miller a certificate of purchase for said real estate, and demanded of him payment of the balance of said purchase-money, being $647.16, which he refused to pay, and denied that said attorney had any authority to act for him in

any manner in said foreclosure proceeding and sale, and asserted that the action had been commenced and prosecuted to judgment, and said sale made, without his knowledge, consent or authority, and that when said suit was commenced he did not own or have any interest in said mortgage, or the debt which it was given to secure, and repudiated all of said proceedings, and declared that he would not be bound by them, and, thereupon, said sheriff commenced proceedings in the Marshall Circuit Court, by notice and motion, against Miller, to recover the balance of said purchase-money, which proceeding was still pending; that said sheriff, by reason of the facts aforesaid, had been prevented from completing his return to said order of sale; that the balance of said purchase-money was due, and that when paid it would belong to the appellant, who was at the time of the execution of said mortgage, and still was, the sole owner of said real estate, and that there were no junior mortgages or other liens thereon at the time of said sale, or since, and that she desires and intends to redeem said real estate within the year allowed by law for redemption after said sale shall be fully consummated by the payment of the purchase-money therefor; that she files her complaint before the expiration of one year from the time said sale was made, so as to save any question as to her right to redeem lapsing or being waived by failing to claim and assert it until after the expiration of the year from the time said real estate was sold by the sheriff. It is also averred in the complaint that Miller is contesting and litigating with the sheriff as to his liability to pay said purchase-money, or any part thereof, for the reasons aforesaid, and that the time of the termination of said litigation is uncertain. Wherefore she prayed that her right to redeem said real estate might be held in abeyance until the final termination of said litigation, and until the completion and consummation of said sale by the payment of said purchase-money, and that the amount which she ought to pay for the redemption of said real estate be ascertained and fixed by the court, and that she be allowed

one year from the completion of said sale to make said redemption, and other relief.

The material averments in the supplemental complaint were, that after the commencement of this action Firestone petitioned the court, in the proceeding instituted by said sheriff against Miller, as aforesaid, to be made a party thereto, alleging, in his petition, that he was the real party in interest in the action to foreclose said mortgage, and that said real estate was bid off at said sheriff's sale for his benefit, and for him, and not for Miller. It was also therein averred that the court in said proceeding found that the facts alleged by Firestone in his petition were true, and he was made a party to said proceeding, and was ordered by the court to pay to the sheriff the balance of said purchase-money, with interest, and that upon the payment thereof by him the sheriff was directed to execute to him a certificate of sale for said real estate; that Firestone, on the 7th day of July, 1882, paid to the sheriff the amount which he was so ordered by the court to pay, and that said sheriff, on said day, executed to him said certificate of sale, and returned said order of sale, and paid to the clerk of the court the balance of said purchase-money, amounting to $700.56, and that the same was then in the hands of said clerk, etc.

The action was determined by the court on the 13th day of November, 1882, by the rendition of a judgment in favor of the appellant, by which it was adjudged that she might redeem said real estate on or before the 20th day of January, 1883, by paying to the clerk of the court, for the benefit of Firestone, the sum for which it had been sold, viz., $1,718.62, with interest thereon from the 5th day of March, 1881. To the rendition of this judgment the appellant excepted. The reasons assigned by her for a new trial were, that the finding and judgment of the court was not sustained by sufficient evidence and was contrary to the evidence, and that said finding and judgment was contrary to law.

We infer from the recitals in the record, that no evidence

was introduced on the trial of the action. It was unnecessary for the appellant to introduce any proof in support of the averments in her complaint, as the default of Miller and Astley, and the refusal of Firestone, upon the overruling of his demurrers, to answer over, was, under the statute, an admission by them of the truth of all the facts well pleaded in her complaints, and dispensed with and obviated the necessity, which would have otherwise existed, of establishing, by evidence, the facts therein averred. Was the judgment erroneous? The appellant insists that it was, because it limited the time for the redemption of the real estate in dispute to a shorter period than that to which she was entitled under the law. It will be observed, by the allegations in the complaint, original and supplemental, that the property was sold by the sheriff on the 5th day of March, 1881, but the purchase-money therefor was not paid until the 7th day of July, 1882.

The question presented for our consideration is, when did the appellant's right of redemption expire? The determination of the question depends solely upon the correct solution of the inclusive one, when was the sale completed? If it was consummated by the mere sale of the real estate by the sheriff without the payment of the purchase-money, then the time for redemption expired in one year from that time, viz., on the 5th day of March, 1882, while, on the other hand, if the payment of the purchase-money was essential to complete the sale, the time for redemption did not expire until the 7th day of July, 1883, being one year from the time the purchase-money was paid. The right of redemption expired at the one time or the other. The court erred in fixing it at the time designated in the judgment, viz., January 20th, 1883. "The right to redeem property sold at sheriff's sale upon an execution or order of sale issued upon ordinary judgments, decrees, or other judicial proceedings within this State, is regulated by statutory law, and, to be made available, must be exercised within one year from the date of sale." *Cummings*

v. *Pottinger*, 83 Ind. 294. In *Rucker* v. *Steelman*, 73 Ind. 396, it was held by this court that "The right to redeem is purely a statutory one, and must be asserted in strict conformity to the statute. The right must be exercised within the time and in the manner.prescribed, or it is lost." These cases settle the question that the court below possessed no authority or power to limit or extend the time prescribed in the statute for redemption.

The vital question is, when was the sale under consideration consummated? It is settled by the authorities that judicial sales must be for cash. *Chapman* v. *Harwood*, 8 Blackf. 82 (44 Am. Dec. 736); *Ruckle* v. *Barbour*, 48 Ind. 274; *McCormick* v. *Walter A. Wood, etc., Co.*, 72 Ind. 518; *Carnahan* v. *Yerkes*, 87 Ind. 62; Rorer Judicial Sales, section 729. In *Chapman* v. *Harwood, supra*, it was said by this court: "Besides, if the sheriff had even conveyed the land without receiving the purchase-money, the conveyance would have been void, because he had no authority to sell except for cash. He is a special agent, and can not exceed the powers which the law gives him." In *Ruckle* v. *Barbour, supra*, it was held that the payment of the purchase-money constitutes a condition precedent to the power of the sheriff to issue a certificate of purchase, and that a certificate issued without the payment of the purchase-money is void, because the sheriff possesses no power to issue it. And in *Carnahan* v. *Yerkes, supra*, it was held that it is the payment of the purchase-money that completes the sale. The principle enunciated in these cases is founded on justice, and is supported by reason. They establish, or recognize, a safe and salutary rule, to be applied in cases like this. A purchaser at a sheriff's sale may be insolvent or irresponsible, or he may have no intention of completing his purchase by paying the purchase-money, or he may abandon his intention of consummating the purchase, if such intention existed. To hold, under such circumstances, that the person desiring to redeem must, in order to do so, pay to such purchaser the amount bid, but not paid, by him

for the property would unjustly operate, in many cases, to the prejudice of the person so redeeming, as he has no assurance that the money paid for redemption will be restored to him in case the purchaser fails to complete his purchase by paying the purchase-money.

We think, and therefore hold, that a sale of real estate by a sheriff upon an execution, or order of sale, can not be. regarded as completed or consummated, so far, at least, as the right of redemption is involved, until the purchase-money is fully paid, and that the time allowed by the statute for redemption commences to run from that time and not before. In this case the purchase-money was not fully paid until the 7th day of July, 1882; hence the appellant's right of redemption did not expire until one year from that time. . For the error of the court in fixing the time for redemption at an earlier period the judgment must be reversed.

PER CURIAM.—The judgment of the court below is reversed at the costs of the appellee Firestone.

Filed June 19, 1884.