## FULLER v. EXCHANGE BANK ET AL.

[No. 5,695.    Filed June 6, 1906.    Rehearing denied October 4, 1906.]

1. PLEADING.—*Complaint.*—*Principal and Agent.*—*Receipt.*—*Authority of Agent.*—An allegation in a complaint that defendant bank, by its attorney, receipted for certain money, affirms the authority of such attorney to receipt for such bank. p. 572.

2. PLEADING.—*Complaint.—Judicial Sales.—Purchase Price.—Inadequacy.—Presumptions.*—In order to set aside a judicial sale on the ground of the inadequacy of the purchase price, it is necessary to allege such fact, the presumption being that the property sold for its cash value. p. 572.

3. OFFICERS. — *Sheriffs. — Judicial Sales. — Payment. — Title.*— A sheriff, being a public officer whose powers are specially prescribed by statute, cannot pass title to property sold by him on execution, unless payment therefor is made to him in money. p. 572.

4. SAME. — *Sheriffs. — Judicial Sales. — Purchase by Execution Creditor.—Payment.*—A receipt by the execution creditor for the purchase price of the execution debtor's property, sold on execution by the sheriff, is a payment in money within the meaning of the law. p. 573.

5. EXECUTION. — *Payment. — Satisfaction.* — The receipt of the money from the execution debtor, or the sale of the debtor's property and receipt of the money therefor, by the sheriff, is a satisfaction of such execution and releases the debtor, regardless of what the sheriff does with the money. p. 573.

From Owen Circuit Court; *Joseph W. Williams,* Judge *pro tem.*

Suit by E. Chubb Fuller against Exchange Bank and others. From a decree for defendants, plaintiff appeals. *Reversed.*

*A. W. Hatch, A. W. Wishard, Thomas G. Spangler* and *Charles Downing,* for appellant.

*Inman H. Fowler* and *John C. Robinson,* for appellees.

ROBY, J.—Appellees' demurrer for want of facts to appellant's complaint was sustained, and, refusing to plead further, judgment was rendered against him, from which he appeals.

It is averred in the complaint, which is in one paragraph, that on June 23, 1904, the appellee bank recovered judgment in the Owen Circuit Court against appellant for $575.92 and costs; that an execution was duly issued thereon and delivered to the sheriff, who on August 25, levied said execution "on 349 shares of stock at $100 per share of the capital stock of the Epitomist Publishing Company as

the property of the plaintiff herein;" that the same was duly advertised for sale by said sheriff, who sold the same at public auction to appellees Smith and Nordyke for the sum of $605.87, said amount being the highest and best bid offered; that after said property was sold, the appellee bank, by its attorney, receipted said sheriff on said execution for $582.92, and said execution was afterward returned as satisfied. "Plaintiff avers that the amount of said bid * * * was not paid to the sheriff aforesaid by said defendants Smith and Nordyke at the time said sheriff made said sale, or at any time thereafter, nor was the amount of said bid paid by said sheriff to said Exchange Bank or its attorney * * * at the time the receipt aforesaid upon said writ was executed, nor at any other time. Wherefore plaintiff prays that said sale of said stock be vacated and set aside, for judgment for costs, and all other proper relief."

1. The averment is that the receipt referred to was executed by the bank. The authority of the attorney to execute such receipt is thereby affirmed.

There is no averment that the amount paid was inadequate or less than the actual value of the stock described.

2. If the appellant desired to present a question as to the inadequacy of the consideration, he should have done so by appropriate averment, the presumption being that property sold at a regular sale "fetches its true value." *DeHority* v. *Paxon* (1888), 115 Ind. 124.

The further question for decision is whether the failure to pay the amount of said bid invalidates the sale.

The sheriff is a special agent; he cannot exceed the power which the law gives him. That he cannot sell and convey

3. title to the property of another, except in accordance with such law, "is one of those self-evident propositions to which the mind assents, without hesitation; and that the person invested with such a

power must pursue with precision the course prescribed by law, or his act is invalid, is a principle which has been repeatedly recognized in this court." *Thatcher* v. *Powell* (1821), 6 Wheat. 119, 5 L. Ed. 221. It follows that a conveyance made by him without receiving the purchase price is invalid. *Chapman* v. *Harwood* (1846), 8 Blackf. 82, 44 Am. Dec. 736; *Doe* v. *Collins* (1848), 1 Ind. 24; *Swope* v. *Ardery* (1854), 5 Ind. 213; *McCormick* v. *Walter A. Wood, etc., Co.* (1880), 72 Ind. 518; *Liggett* v. *Firestone* (1884), 96 Ind. 260, 265; *Ruckle* v. *Barbour* (1874), 48 Ind. 274; 2 Freeman, Executions (3d ed.), §301; Rorer, Judicial Sales (2d ed.), §729; Kleber, Void Judicial and Execution Sales, §18. No title to the property sold passes until the purchase price is paid. *Dawson* v. *Jackson* (1878), 62 Ind. 171; *Conklin* v. *Smith* (1855), 7 Ind. 107, 63 Am. Dec. 416. It is the payment of the purchase money which completes the sale. *Carnahan* v. *Yerkes* (1882), 87 Ind. 62, 66; *Liggett* v. *Firestone, supra.*

Where the execution creditor purchases, it is held that his receipt is sufficient without the actual payment of the purchase price by him to the sheriff, for the reason that to require him to pay over the money to the sheriff, immediately thereafter receiving it back from the sheriff, would be an idle form. *Louden* v. *Ball* (1884), 93 Ind. 232, 234; *Boos* v. *Morgan* (1892), 130 Ind. 305, 311, 30 Am. St. 237; *Burton* v. *Ferguson* (1880), 69 Ind. 486; *Robertson* v. *Van Cleave* (1891), 129 Ind. 217, 15 L. R. A. 68; *Dean* v. *Phillips* (1861), 17 Ind. 406.

The reason for this exception from the universal rule requiring a cash payment of the amount bid, does not apply when the purchaser is not the execution creditor. The cash payment satisfies the writ and judgment, the subsequent application of the proceeds of such

sale being a matter to which the debtor is not required to give any attention. *State, ex rel.,* v. *Salyers* (1862), 19 Ind. 432; *Beard* v. *Millikan* (1879), 68 Ind. 231.

It is insisted by appellant that the attorney who executed the receipt averred to have been given by the appellee bank had no authority to act for the bank in that behalf. While the complaint does not present the point argued, it is suggestive of controversies likely to follow a holding that arrangements between the execution creditor and the purchaser, to which the execution debtor is not a party, may take the place of the cash payment by which the sale is consummated and without which no title passes.

The failure to pay the amount bid is not a mere irregularity, but is of the essence of the transaction, and the requirement that the amount of such bid be paid in cash is a material and essential one.

The judgment is therefore reversed, and cause remanded, with instructions to overrule the demurrer to appellant's complaint and for further consistent proceedings.