OPINION OF THE CoURT.
THIS was amotion to set aside a sale of land, made by the sheriff in virtue of an execution issued in the name of Rawson against Reed. The execution appears to have issued upon a judgment for the costs of a proceeding had at the suit of Reed against Rawson, fora forcible entry and detainer; and Brooks was the purchaser of 762 acres, parcel of a larger tract upon which the sheriff had levied the execution, at the price of $16 25, being less than the amount of the execution. Reed, the plaintiff in the motion, read, on the trial of the motion, the execution and endorsements thereon, and the sale bond, with the endorsements, which he proved were in' the hand-writing of Jamos I. Dozier, who was admitted to be the attorney at law for Raw-son. It was also admitted, that Rawson was a tenant of Brooks, upon a part of the land sold; that Reed had brought a writ of forcible detainer against Rawson; that the suit was dismissed and judgment given for costs, on which the execution had issued, and that Brooks had employed lawyers, and defended the suit for. Rawson. Reed then offered to prove that the 762 acres of land were worth $10 per acre; that James I. Dozier confessed that he tore down the advertisement put up by the sheriff, of the sale of the land; that he was present with Brooks at the time tire land was sold, *128 and that Brooks was to give him $600 for his attention to the business.
To this proof Brooks objected, and the objection was sustained. Reed also offered to prove that Rawson said he knew nothing of the sale of the land, until the sheriff came upon, the premises, with Brooks, Dozier and others. To this Brooks also objected as evidence against him, and the court sustained‘the objection; and the court having overruled the motion to set aside the sale, Reed excepted, and has brought the case to this court by writ of error.
It is perfectly clear, that the facts admitted and proved on the trial of the motion in the circuit court, do not afford the slightest pretext for setting aside the sale; and, of course, the propriety of the .decision of that court must turn upon the proof which was offered by Reed and rejected by the court.
That the confessions of Dozier were pi’operly rejected by the court, cannot admit of a doubt. The confessions of an agentcanqot be admitted as proof, either of his agency or of acts , done by him as agent. Where what an agent says is part of the res gesta, it may be' proved as any other act of his agency maybe; but the confessions offered to be proved in this case, were evidently not of that character. They, in fact, were mere hearsay, and as such were unquestionably inadmissible.
It is equally clear, we apprehend, that the proof of Rawson’s declaration, that he knew nothing of the sale until the sheriff came upon the premises, was properly rejected. There was, at most, no impropriety in its rejection; for in truth it was wholly immaterial. Raw-son was the tenant of Brooks, and the latter was, therefore, bound to defend his possession, and is admitted to have done so, in the proceeding had against him by Reed. There was consequently nothing improper, either in point of law or of morality, in Brooks’ assuming the management and direction of the execution for the costs expended in defence of Rawson’s possession; and, of course, the ignorance of Rawson, of the sale, was a-fact which was utterly immaterial.
The value of the land sold, is the only other fact, of. which proof was offered and rejected. This proof, as it would have tended to show the inadequacy of the price given by Brooks, was, we conceive, in strict propriety, admissible. But inadequacy of price, in a sale *129 ©f this sort, is not, per se, sufficient to vitiate and as there was no other fact admitted or proved, which could have conduced to that end,,it is obvious, that the rejection of the proof could not have prejudiced Reed; for if it had been admitted, the judgment must have beeh precisely the same as that which the court rendered.
Where a jury is to decide upon the fact, the admission or rejection of evidence improperly, is in itself sufficient cause of reversing a judgment; but in a motion-of this sort, where the court decides the fact as well as the law of the case, the admission of improper evidence, jor the rejection of that which ought to be admitted, will ¡lot, if it appears that no injustice was done thereby, be a cause for reversing the judgment.
J udgment affirmed .witb costs.