COVENANT.                  **Yocum vs Barnes.**

*Case* 125.            ERROR TO THE WASHINGTON CIRCUIT.

               *Covenants.   Agents.   Res gesta.   Evidence.*

*July* 10.     JUDGE SIMPSON delivered the opinion of the Court.

Case stated.        BARNES instituted a suit in chancery against Lowe,
and obtained an attachment against his personal estate,
for a debt of one hundred dollars.  The Sheriff was
directed in executing the attachment, to seize and hold
the estate of the defendant subject to the order of the
Court, unless he or some person on his behalf, gave bond,
payable to the complainant, with good security, condi-
tioned to have the estate attached, forthcoming to an-
swer any order or decree of the Court made in the
cause.

     In executing the attachment the Sheriff took from
Lowe the following instrument of writing, viz:

     "Whereas, on the 16th November, 1841, there was
issued by the clerk of the Washington Circuit Court, an
attachment on a *subpœna* in chancery in the name of
Gideon Barnes, against Samuel and John Lowe, re-
quiring the Sheriff to attach so much of the personal
estate of said John Lowe, as would pay $115, and hold
it subject to the order of the Court, unless said Lowe
give bond, &c.; and whereas Edward Edlin, deputy
Sheriff for John B. Smith, into whose hands said pro-
cess was placed, has levied the same on two clay bank
mares, one black horse and one sorrel horse, valued at
$150.  Now should said John Lowe well and truly
have said property forthcoming to answer whatever
orders of Court may be made in said cause, then the
foregoing bond to be void; witness our hands 10th Dec.
1841.                              *John Lowe,*
                                   *W. T. Ray,*
                                   *Jno. Yocum.*"

     A decree having been rendered in favor of Barnes,
for the amount of his debt and costs of suit, the Sheriff

was ordered to call on the defendant for a surrender of the property attached, to be sold in satisfaction of the decree. The property not having been surrendered up, this action of covenant was brought on the foregoing instrument of writing, and the failure to deliver the property is assigned as a breach of its stipulations.

The suit having been abated by the Sheriff's return, as to all the defendants except Yocum, he filed a demurrer to the declaration. In support of the demurrer it is insisted, that the writing sued on contains no covenant, and does not impose any obligation on the defendant.

No particular form of words is necessary to create a covenant, but any language importing an agreement or duty to perform a future act, is sufficient for that purpose.

The writing in question is in the nature of a condition to a bond, although there is no bond preceding the condition. It states what act, if performed, shall have the effect of rendering the supposed bond void. It implies an agreement on the part of the obligors for the performance of that act. It in effect stipulates that the property attached shall be forthcoming when ordered by the Court to be returned to its custody. It shows that a duty had devolved on the persons executing the instrument, and imports an undertaking for the performance of that duty. Although it is unskilfully drawn, and has omitted an essential part of all penal obligations, yet we think an action of covenant can be maintained upon it. Any other construction would violate the obvious intention and understanding of the parties.

An objection is made to the declaration on the ground that it fails to aver that an order was made in the suit in chancery, remitting the plaintiff to his remedy at law upon the bond.

We do not deem such an averment necessary to the validity of the declaration. The plaintiff made profert of the writing, which is equivalent to an averment that it was in his possession, and that he had a right to sue on it. And as he alledged a decree for a restoration of the property, made in the chancery suit in which the

*No set form of words is necessary to make a covenant, "any language importing an agreement or duty to perform a future act is sufficient."*

*Averment which was held sufficient to show a breach of covenant.*

YOCUM
vs
BARNES.

obligation was taken, and a failure to comply with the decree, he has shown a breach of the covenant entered into by the defendant, and the declaration is deemed sufficient.

Where a subscribing witness is dead or absent from the State, the hand writing of the obligor may be proved.

The defendant also filed a plea of *non est factum*. On the trial the plaintiff proved the death of the subscribing witness, and that the name of the defendant to the covenant sued on, was in his hand writing. This latter proof, however, was rejected by the Court, it deeming proof of the hand writing of the subscribing witness the only competent testimony. In this the Court erred. Where the subscribing witness is absent from the State or dead, the hand writing of the obligor may be proved: (4 *Bibb*, 445.)

The declaration of an agent whilst in the act of performing his agency are evidence against his principal.

The plaintiff also proved by C. Kelly, that the deputy Sheriff, who was the attesting witness to the instrument, and who was dead, brought it to him with the names of Lowe, Ray and Yocum, and no other writing on it, and requested him to fill it up, informing him, it was designed as a forthcoming bond under the attachment in chancery of Barnes against Lowe; that he filled it up, and wrote the attestation of the deputy at his request, neither of the obligors being present.

This evidence was admitted notwithstanding the defendant objected to it; and it is now contended the Court erred on this point.

A delivery bond signed in blank, and delivered to an officer to be filled up, may be filled up, and it is obligatory on the parties.

As the testimony rejected by the Court proved the hand writing of the defendant, and as Kelly proved that the paper was in the possession of the deputy Sheriff, his agency was established, the writing not being under seal, to fill it up, so as to give it the obligatiory effect intended by the parties signing it. Whilst doing this, he was acting as the agent of the defendant, and the statements made by him, of the object and design of the paper, being part of the transaction, were admissible as evidence against the defendant, whose agent he was on that occasion.

Considering the evidence of the defendant's hand writing, which was improperly rejected, as still being before the jury, that, in connection with the testimony of Kelly, that the paper was in the possession of the

deputy Sherifl, proved the fact of agency for the purpose of filling up the blank, independent of the statement made by the deputy himself. The agency being established, the evidence was clearly proper, it being well settled that the declarations of an agent, acting and speaking within the scope of his authority, made at the time, and composing a part of the act done by him for his principal, may be given in evidence against the principal as part of the *res gestæ:* (3 *Litt.* 128; *Litt. Sel. Cases,* 518.)

In deciding on the admissibility of this evidence, we allow to the plaintiff the benefit of his rejected testimony, inasmuch as its exclusion was improper, and he had a right to its use for every legitimate purpose.

Wherefore, there being upon the whole evidence, no error in admitting the statements of the deputy Sheriff, and the judgment for the plaintiff in the Court below, being in other respects right and proper, said judgment is affirmed.

*Shuck and Thurman* for plaintiff; *C. A. Wickliffe* for defendant.