Swope and Others *v.* Ardery.

Motion by *A.* to set aside a sheriff's sale of a lot in *Greensburg* sold as the property of one *F.* The facts were these. *B.* and *C.* on the 9th of *November*, 1840, recovered a judgment in the *Decatur* Circuit Court against *D.* and *E.*, and on the 16th of *December*, 1840, *F.* became replevin bail. On the 20th of *November*, 1843, the auditor of *Decatur* county recovered a judgment against *F.* On the 16th of *November*, 1843, *G.* and *H.* recovered a judgment against *F.*, which was assigned to *A.*, and on the 23d of the same month, a mortgage on said lot was foreclosed, given by *F.* and wife to *G.* and *H.*, dated *June* 22, 1842. Executions on the several judgments were in the sheriff's hands at the time of the sale sought to be set aside, and the sale was made on all the executions at once, though the sheriff's deed recited only the judgment, execution, &c., of *B.* and *C.* The judgment of *B.* and *C.* was not affected by any appraisement law, but the other claims were affected by the appraisement laws in force in 1842-3. The lot was worth 800 or 900 dollars, but was struck off at the sheriff's sale at 80 dollars. It appeared that the price was the only fund accessible to discharge said liens.

*Held,* that the judgment of *B.* and *C.* was the first lien on the lot, and the other judgments and the mortgage were a lien according to their respective dates.

*Held,* also, that the sale was void for inadequacy of price.

A sheriff, in selling land upon execution, can receive only an unconditional cash bid.

A trial without an issue is erroneous.

ERROR to the *Decatur* Circuit Court.

Stuart, J.—Motion to set aside a sheriff's sale. *Swope* and others, defendants below, filed sixteen pleas. Trial by the Court, and judgment setting aside the sale.

The evidence is all in the record.

The property in dispute was a half lot in *Greensburg*. There were several liens upon it, and, hence, conflicting claims to the proceeds. The title, subject to these liens, was, prior to the sheriff's sale, in *Martin Jameson*, Sr.

On the 9th of *November*, 1840, *Abbott* and *Brothers* recovered judgment in the *Decatur* Circuit Court against *M.* and *F. Jameson;* and on the 16th of *December*, 1840, *Martin Jameson*, Sr., became replevin bail.

On the 20th of *November*, 1843, the auditor of *Decatur* county recovered a judgment against *Martin Jameson*, Sr.

On the 16th of *November*, 1843, *Polleys* and *Butler* recovered judgment against *Jameson*, Sr., and on the 23d of

*November*, 1843, a mortgage on the half lot in dispute given by *Jameson* and wife to *Polleys* and *Butler*, dated *June* 22, 1842, was foreclosed. The judgment of *Polleys* and *Butler* had been assigned to the plaintiff below.

On these several judgments and decree, executions were in the hands of the sheriff at the time of the sale sought to be set aside.

There can be no difficulty about the priority of lien among the judgment creditors. It is a simple matter of dates. The judgment of *Abbott* and *Brothers*, rendered in 1840, is the first. The mortgage of *Polleys* and *Butler*, dated *June* 22, 1842, stands next. The judgment of *Polleys* and *Butler*, of which the defendant in error was the assignee, is last.

It appears by the record that the sale was made on all the executions at once, though the sheriff's deed to the purchaser recites only the judgment, execution, &c., of *Abbott* and *Brothers*. The lot was worth 800 or 900 dollars. The sum for which it was struck off at sheriff's sale was 80 dollars.

The judgment of *Abbott* and *Brothers* was not affected by any appraisement law; but all the other claims were affected by the appraisement laws in force in 1842–3.

Under these circumstances it is not very clear but that the sale was void for inadequacy of price. *Benton* v. *Shreeve*, 4 Ind. R. 66.

It is contended that the sheriff had a bid of 417 dollars at and before the time he struck off the half lot for 80 dollars. *Robinson*, the attorney of *Polleys* and *Butler*, bid that sum, coupling it, however, with the condition, that the entire bid should be credited on the claim of *Polleys* and *Butler*. There is some evidence going to show that he once or twice made such bid unconnected with any condition. But we are of opinion that the preponderance of evidence is clearly that the bid was coupled with the condition.

The course of *Robinson* in bidding now with, and then without the condition, was well calculated to confuse the officer, and perhaps justify him in disregarding it alto-

gether. The bid with the condition was wholly inadmissible. It is well settled that the sheriff can receive only an unconditional cash bid. *Chapman* v. *Harwood*, 8 Blackf. 82.

There is, therefore, no ground for setting aside the sale on the hypothesis that there was a higher and better bid.

On other grounds, however, the judgment of the Court below in setting aside the sale was correct. The price, considering the situation of the property, the liens for the discharge of which it appears to have been the only fund accessible, was inadequate. And this being a direct proceeding to set aside the sale, reached irregularities which it would have been unavailing to assail collaterally.

But there is a defect in the proceedings to set aside the sale, fatal to the judgment below. Though there were sixteen pleas filed, the record does not show any replication—any issue either of fact or law. A trial without an issue is erroneous. *Mahan* v. *Sherman*, 8 Blackf. 63.— *Crist* v. *Crist*, id. 574.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. S. Scobey*, for the plaintiffs.
*J. Robinson*, for the defendant.