BERTENSHAW v. MOFFITT and Others.

A., in February, 1846, recovered a judgment against B., in the Franklin Circuit Court, for 61 dollars. B., afterwards, in May, 1846, being the owner of two lots in Brookville, mortgaged them to C., to secure the payment of 168 dollars. In August, 1846, D. recovered a judgment in said Court against B. and others, for 146 dollars. The lots, which were worth from 350 to 400 dollars, were afterwards sold at sheriff's sale, for 11 dollars, to D., on his judgment. Afterwards D. purchased A.'s judgment, exposed the lots to sale thereon, and himself became the purchaser at the sum of 20 dollars. Held, that as to C., neither sale was void for inadequacy of price.

ERROR to the *Franklin* Circuit Court.

STUART, J.—Bill in chancery by *Bertenshaw* against *Moffitt* and others. The case discloses the following facts:

In *February*, 1846, one *Gallion* had recovered a judgment against *William Moffitt*, jr., one of the defendants, in the *Franklin* Circuit Court, for 61 dollars.

In *May*, 1846, *William Moffitt*, jr., being the owner of lots seven and eight, in the town of *Brookville*, mortgaged them to the complainant *Bertenshaw*, to secure the payment of 168 dollars.

In *August*, 1846, the defendant *Stoops* recovered a judgment in the *Franklin* Circuit Court for 146 dollars against *William Moffitt*, jr., and *John*, *Elijah* and *Wesley Moffitt*.

The lots in *Brookville*, worth from 350 to 400 dollars, were sold on the *Stoops* judgment for 11 dollars. *Stoops* himself became the purchaser. This purchase was of course subject to the two prior liens, viz., the *Gallion* judgment of 61 dollars and the *Bertenshaw* mortgage of 168 dollars; making the prior liens in all 229 dollars; the liens and the bid together 240 dollars. Thus far there is no difficulty. The price, compared with the value of the property, could not be considered inadequate, particularly in a judicial sale. *Benton v. Shreeve*, 4 Ind. R. 66.

Afterwards *Stoops* purchased the *Gallion* judgment; again exposed the *Brookville* lots (seven and eight) for sale thereon; and became the purchaser at 20 dollars.

*Stoops* transferred his last bid to *Atwell Johnson*, one of the defendants, who appears to have been fully cognizant of all the facts. *Johnson* paid *Stoops* 305 dollars for the substitution, and the sheriff made the deed to him accordingly as the substituted purchaser.

It further appears that the lots were bid off at the latter sale by the attorney of *Stoops*. *William Moffitt*, jr., seems to have interfered to prevent bidders from competing at the sale. The sheriff's deposition discloses that fact. " When," says the sheriff, " any one bid against *Stoops'* attorney, *William Moffitt*, jr., appeared dissatisfied, and said it was unnecessary to run it up, for the intention was

---

May Term, 1855.

BERTENSHAW
v.
MOFFITT.

Thursday,
June 14.

May Term,
1855.

Doe
v.
Clark.

to redeem. But nothing was said about the redemption when the deed was delivered."

The majority of the Court regard the whole transaction in this light. *Stoops'* first purchase was an effort to protect his own interest to the extent of the judgment he had recovered. That judgment was 146 dollars. His bid on the second sale is to be added, making the entire extent of *Stoops'* interest 166 dollars. Under all the circumstances, the majority of the Court are reluctant to say that the price paid at the sale on the *Gallion* judgment is so grossly inadequate as of itself to import fraud; and that as *Bertenshaw* had constructive notice of the *Gallion* judgment at the time he took his mortgage, he should either have attended the sheriff's sale or taken other proper steps to discharge that judgment, and thus protect his own junior incumbrance. Having failed to remove the prior lien as he might have done, he must abide the consequences of his own neglect. He is not entitled to relief.

*Per Curiam.*—The decree is affirmed with costs.

*J. Ryman,* for the plaintiff.

*G. Holland,* for the defendants.