May Term,
1861.

SOWLE and Others *v.* CHAMPION and Others.

SOWLE
v.
CHAMPION.

| 16 | 165 |
| 147 | 247 |

| 16 | 165, |
| 151 | 20 |
| 151 | 22 |

Where two half quarter sections of land are included in a decree of foreclosure, and the sheriff, in making a sale under the decree, offers first one 40 acre tract, then another similar tract, and then an 80 acre tract, and receiving no bid for any of the several parcels, then offers and sells the whole 160 acres, the statute requiring him to sell in parcels is substantially complied with.

An order of sale, issued on a decree of foreclosure, which does not set out a copy of the decree, is informal, under the statute, but is not void ; and if not set aside on defendant's motion, all acts done under it are valid.

Mere inadequacy of price will not invalidate a judicial sale, unless there be additional circumstances to justify it ; and the existence of subsequent judgment liens is not such a circumstance, as they are not constructive notice to a purchaser.

APPEAL from the *Steuben* Circuit Court.

*Thursday,
May 30.*

DAVISON, J.—This was an action by the appellees, who were the plaintiffs, against the appellants, to set aside a sheriff's sale. The defendants demurred to the complaint, but their demurrer was overruled. They then filed an answer, to which the plaintiffs demurred. This demurrer was sustained, and judgment given for the plaintiffs, setting aside the sale, &c. The facts stated in the pleadings, as conceded by the demurrer, are these. *Champion*, at the *January* term, 1857, recovered a judgment against *Marsh* for $213 ; also, a decree for the foreclosure of a mortgage on the east half of the south-east quarter of section ten, and the west half of the south-west quarter of section eleven, in *Steuben* county, containing 160 acres ; and, also, an order for the sale of the mortgaged premises, directing that, for the sum recovered with interest and costs, the premises be sold as on execution, without relief, &c. After this, *William Hough*, the then sheriff of said county, by virtue of an execution issued upon the above judgment and decree, sold the said premises to *George D. Orien*, as agent of *Francis Sowle*, for $155 ; and in pursuance of the sale the sheriff executed to *Sowle* a deed in fee simple. The execution upon which the premises were sold was directed to the sheriff of *Steuben*

county, and is in this form: "Whereas, *Aristarchus Champion* obtained judgment against *Madison Marsh*, on *January* 15, 1857, in the *Steuben* Common Pleas, for $213, and a decree for the foreclosure of the east half of the south-east quarter of section ten, and the west half of the south-west quarter of section eleven, north of range twelve, east, containing 160 acres; upon which there is due $214, principal and interest, and eight dollars cost, accrued at this time. You are, therefore, commanded to levy the aforesaid money of the property of the defendant and the sale of said premises, in your county, subject to execution, and have the money at the clerk's office to satisfy said judgment, interest and costs, and return this writ within one hundred and twenty days." At the time of the sale, the mortgaged premises were worth $1,500; were susceptible of division into four tracts, containing each forty acres. And the sheriff, having offered the rents and profits, &c., as prescribed by law, offered: 1. The fee simple of the north-east quarter of the premises. 2. The south-east quarter. 3. The east half of the quarter section. And having received no bid for the premises thus divided, he then offered the entire quarter, 160 acres. The plaintiffs in this case, excepting the said *Marsh*, who is also a plaintiff, are his, *Marsh's*, judgment creditors; and at the time of the sheriff's sale, held liens on the premises sold, subsequent to the lien of the mortgage upon which they were sold. Nor had *Marsh* any property, other than the land purchased by *Sowle*, save 160 acres, worth $2,000. But at the time the premises were sold, no executions in favor of the plaintiffs had been issued upon their judgment liens, nor had *Sowle* any notice, when he bought the premises, of the existence of such liens.

The errors assigned involve three questions: 1. Were the mortgaged premises offered for sale in proper subdivisions. 2. Was the execution, under which the sale was made, void for want of conformity to the statute? 3. Was the price for which the land sold so grossly inadequate as, under the circumstances, to render the sale void? The statutory rule is, if real estate offered for sale "shall consist of several lots, tracts and parcels, each shall be offered separately, and no more

shall be offered than shall be necessary to satisfy the execution, unless the same is not susceptible of division." 2 R. S., § 466, p. 141.

This provision imposes a duty upon the sheriff, and the inquiry arises, whether the duty thus imposed has been in this instance duly performed. The premises described in the execution were evidently susceptible of division, and in the offer to sell they were divided. But the action of the sheriff is alleged to have been illegal on two grounds: 1. Because he failed to offer the entire west half of the quarter section. 2. Because the east half was not offered in proper subdivisions. These grounds seem to be untenable. As has been seen, one forty acre tract was first offered, then another subdivision of forty acres, and the remaining eighty, being the east half, as described in the execution, was then offered. This, it seems to us, was at least a substantial compliance with the statute. Having offered two forty acre lots, and then an eighty, without receiving a bid, it was fair to presume that a further offer of less than the entire quarter section would be useless. The next inquiry relates to the process, by virtue of which the premises were sold. The statute relative to " Foreclosure of Mortgages," requires a copy of the order of sale and judgment to be issued and certified by the clerk, under the seal of the court, to the sheriff, who shall thereupon proceed to sell the mortgaged premises," &c., " as on execution," &c. 2 R. S., § 635, p. 176. Thus it will be seen, that the process in this case is not in the form required by the statute. It contains no copy of the order of sale, but simply states the rendition of the judgment and decree of foreclosure, and then commands the sheriff " to levy the money of the defendant's property and the sale of said premises, in his county, subject to execution," &c. If the process thus issued was void for want of conformity to the statute, then there was no authority to sell. But the appellants insist that it contained all the substantial requirements of a statutory order of sale; was merely irregular, and the sale having taken place, it is too late to question such irregularity. This reasoning seems to be correct. In *Mace* v. *Dutton*, 2 Ind. 309, it was held that " an execution merely

May Term,<br>
1861.

SOWLE<br>
v.<br>
CHAMPION.

May Term, 1861.

SOWLE
v.
CHAMPION.

voidable may be set aside on motion of the defendant; but if not so set aside, all acts done under it are valid." The principle thus decided applies to the case at bar. Here the process was issued under the seal of the Court, stated the recovery of the judgment and the foreclosure of the mortgage with sufficient accuracy, and directed the sheriff to sell the mortgaged premises. It was not, therefore, void; but merely voidable for irregularity. No motion was made to set it aside; hence it must be held sufficient to authorize the sale.

It remains to be considered, whether "the price for which the land sold was so grossly inadequate as, under the circumstances, to render the sale void." As has been seen, the land was sold by the sheriff for $155, though it was at the time of sale worth $1,500. But inadequacy of price is not of itself sufficient to avoid a sheriff's sale. Thus, in *Roe* v. *Ross*, 2 Ind. 99, " the sheriff sold a house and lot worth $1,200 to $1,500, for $111, and the Court held that in the absence of fraud the price was not inadequate." The rule seems to be well settled, that inadequacy of price is insufficient to invalidate a judicial sale, unless there be additional circumstances to justify it. *Benton* v. *Shreeve*, 4 Ind. 66. In this case we perceive no such circumstance. The sheriff appears to have conducted the sale in a proper manner, giving to each one present a fair opportunity of becoming the purchaser in accordance with the terms of the sale. There were, it is true, subsequent judgment liens resting on the land; but the mere existence of these liens at the time of the sale can not be held a circumstance in any degree material, in the consideration of the case before us, because they were not constructive notice to the purchaser; nor is there any thing in the facts admitted by the pleadings, tending to show that their existence was known to him when he bought the land. We are of opinion that the ruling of the Circuit Court is not sustained by the facts as they appear in the record, and the result is the judgment must be reversed.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded, &c.

*J. B. Howe*, for the appellants.

*A. Ellison*, for the appellees.

(1.) "Inadequacy of consideration is no objection to a sale made under execution, provided the sale was legally and fairly made." *Cooper* v. *Galbraith*, 3 Wash. C. C. R. 546.

Gross inadequacy of price will not vitiate a judicial or official sale fairly conducted; but may be a circumstance, with others, tending to establish fraud or unfairness. *Swope* v. *Ardery*, 5 Ind. 213; *Bertenshaw* v. *Moffitt*, 6 Ind. 464; *Law* v. *Smith*, 4 *id*. 56. As where property is unnecessarily sold as a whole, instead of in parcels. *Reed* v. *Carter*, 3 Blackf. 476; *Doe* v. *Smith*, 4 *id*. 228; 1 Ind. 575; *Reed* v. *Diven*, 7 *id*. 189.

But objections of this nature must be made in a reasonable time. *Doe* v. *Rue*, 4 Blackf. 263, and must be established by proof. *Kizer* v. *Ruddick*, 8 Blackf. 382.

Inadequacy of price is not a sufficient reason of itself for setting aside a sheriff's sale. 3 Dana, 621; 6 Watts, 140; 3 Littell, 127.

Mere inadequacy of price is not a sufficient ground for a Court of Equity to refuse its assistance to a purchaser; particularly where the estate is sold by auction. *White* v. *Damon*, 7 Ves., jr., 30; *Seymour* v. *Delancy*, 3 Cow. 445; *Udall* v. *Kenney*, *id*. 590.