Sowles and Wife *v.* Harvey.

*Per Curiam.*—The judgment below is affirmed, with costs, and 1 per cent. damages.

*Brouse & Havens,* for the appellant.

*N. R. Linsday,* for the appellee.

———◆◆———

## SOWLES AND WIFE *v.* HARVEY.

SHERIFF'S SALES.—Decree in foreclosure. Ten days after the adjournment of the Court, the Clerk issued an order of sale, without direction so to do, from the plaintiff, and two months thereafter the Sheriff, after due advertisement, sold the property to *A,* who bought in good faith, and without notice that the writ had issued without authority, or that the plaintiffs had no actual notice of the time of sale.

*Held,* 1. That the Clerk ought not to have issued the order without direction from the plaintiffs therefor.

2. That a *bona fide* purchaser could not be effected thereby, because he had a right to presume that the Clerk had done his duty.

APPEAL from the *Hendricks* Circuit Court.

PERKINS, J.—Suit to set aside a Sheriff's sale. Demurrer to the complaint sustained. Final judgment for the defendant.

The complaint makes the following case: In *February,* 1861, *Sowles* and wife obtained in the *Hendricks* Circuit Court, a judgment, upon foreclosure of a mortgage, of about 575 dollars. The defendant in that judgment was insolvent except as to the mortgaged property. Ten days after the adjournment of the term at which the judgment was rendered, the Clerk of the Court, without an order from either of the plaintiffs, issued an order of sale upon the judgment,

Sowles and Wife *v.* Harvey.

upon which the Sheriff, on the 27th of *April*, two months after the rendition of the judgment, having first duly advertised, sold the mortgaged premises to *Harlan Harvey*, the father-in-law of the execution defendant, for 165 dollars, that being the highest sum bid. The execution plaintiffs were neither of them at the sale, though it appears that they were residents of the State. It is alleged that the property sold was actually worth 600 dollars. *Harlan* paid the money on his bid to the Sheriff, and received a deed for the land on the 30th day of *April*, 1861. There is no fact alleged showing that *Harlan* was not a *bona fide* purchaser. On the 29th of *October*, 1861, the plaintiffs, having first tendered to *Harlan* his purchase money and demanded a re-conveyance of the land, commenced this suit to set aside the Sheriff's sale.

The Clerk erred in the case, in issuing the order of sale without the direction of the judgment plaintiffs, or one of them; but a *bona fide* purchaser would not be prejudiced by the error. He would have the benefit of the presumption that the officer had done his duty. *Lewis* v. *Philips*, 17 Ind. 108. The difference between the sum bid for the property at the sale and its actual value, was not so great as to, *per se*, render the sale void. *Swope* v. *Ordery*, 5 Ind. 213. See the cases in Davis' Ind. Dig., p. 537.

*Per Curiam.*—The judgment is affirmed, with costs.

*B. B. Moffatt*, for the appellants.

*Sol. Blair*, for the appellee.