## DAWSON ET AL. *v.* JACKSON ET AL.

SHERIFF'S SALE.—*Venditioni Exponas.—When Issued.—Sheriff's Return.*— Under the statute, 2 R. S. 1876, p. 212, sec. 453, a *venditioni exponas* can only issue where property levied upon remains unsold ; and a return of an execution which recites, that " The real estate levied upon, sold to " A. "April 6th, 1857," for a certain sum — "purchase-money not paid," shows that the land levied upon remained unsold when such return was made. The language used is substantially equivalent to saying that the land was "bid off by" A. "April 6th, 1857," for a certain sum — "purchase-money not paid," and the plain inference is, that the title to the land had not passed from the owner, and a *venditioni exponas* could be properly issued.

SAME.—*Setting Aside Sheriff's Sale.—Inadequacy of Price.—Innocent Purchaser.—Notice.*—The inadequacy of the price for which a sheriff sells real estate will not, of itself, authorize a court to set aside such sale, after the property has come into the hands of an innocent purchaser, without notice of any other irregularities, especially after the lapse of many years from the date of such sale, and after descent of the land has been cast upon the heirs of such purchaser.

From the Spencer Circuit Court.

*C. L. Wedding* and *R. G. Evans,* for appellants.

*C. A. DeBruler* and *E. R. Hatfield,* for appellees.

NIBLACK, C. J.—This was a proceeding by Mary A. Dawson and James E. McNeely, against Samuel Stuteville, Peter Jackson and a considerable number of other persons, to set aside a sheriff's sale.

A demurrer was sustained to the complaint, and the plaintiffs appealed.

The only error assigned here is upon the decision of the court in sustaining the demurrer.

It is represented by the complaint, that, on the 15th day of July, A. D. 1856, James Proctor and Joseph C. Richardson recovered a judgment against one James McNeely, in the Spencer Circuit Court, for the sum of fifty-five dollars and ninety-two cents, and that afterward, to wit, on the 29th day of January, 1857, an execution was issued on said judgment, returnable on the 29th day of July, 1857, and placed in the hands of the sheriff of Spencer county; that, on the 6th day of February, 1857, the said James McNeely died intestate, and was, at the time of his death, seized in fee-simple of a tract of land situate in said county of Spencer, describing it, containing fifty-nine acres; that, on the 1st day of March, 1857, said sheriff levied on said tract of land to satisfy said execution, and, on the 6th day of April, 1857, sold the same to one John G. Shackelford for the sum of one hundred and thirty dollars; that, on the 24th day of September, 1858, long after the return day thereof, the said sheriff made return of said execution, endorsed as follows:

" The real estate levied upon" (being the land above described), "sold to John G. Shackelford April 6th, 1857, for $130—purchase-money not paid;"—which said execution, with the return thereon, has remained on file ever since in the office of the clerk of the Spencer Circuit Court, and of record therein; that, on the 14th day of March, 1861, the said Proctor and Richardson caused another execution, commonly called a *venditioni exponas*, to be issued on their judgment, reciting the issuing of the first execution and the return thereon, and that said sheriff again sold said land on said *venditioni exponas*, on the 20th

day of April, 1861, to the defendant Samuel S. Stuteville, for the sum of seventy-five dollars; that, on the 30th day of August, 1861, the sheriff executed a deed for the land thus sold to Stuteville, who afterward conveyed the same to one Alfred Adams, since deceased, the ancestor of all of the defendants except the said Stuteville; that the said James McNeely, at the time of his death, left the said Mary A. Dawson as his widow, and the said James E. McNeely, then an infant of tender years, as his only child; that, the said Mary A. Dawson remarried on the 1st day of October, 1859, and has ever since continued to be a married woman, and that the said James E. McNeely was only eighteen years old at the time of the commencement of this suit; that the tract of land above referred to was, at the time of the pretended sale thereof to the said Stuteville, and for several years previously thereto, of the value of one thousand five hundred dollars.

The plaintiffs therefore demanded that said sheriff's sale be set aside, a recovery of the possession of said land, and damages for the detention thereof.

There are other allegations in the complaint imputing fraud, misconduct and collusion in the sheriff's sale of the land to Stuteville, but as it is not charged that Alfred Adams had notice of the matters thus alleged, when he received his conveyance from Stuteville, it is not necessary that we should set out these other allegations here.

It is true, as insisted by the appellants, that a *venditioni exponas* can only issue where property levied upon remains unsold. 2 R. S. 1876, p. 212, sec. 453; Herman Executions, 331, sec. 215. But it seems to us that a fair construction of the return of the sheriff, above set out, shows that the land levied on in this case remained unsold when the return was made. We think the language used in the return was substantially equivalent to saying that the land was bid off by John G. Shackelford April 6th, 1857, for

one hundred and thirty dollars—purchase-money not paid. The plain inference from the return is, that the title to the land had not then passed out of the appellants, and that hence there had been no valid sale. No valid sale being shown by the return, it followed that the land remained unsold, and that a *venditioni exponas* was properly issued.

In this construction we are fully sustained by the case of *Chapman* v. *Harwood,* 8 Blackf. 82, which, in its essential features, may be regarded as a case precisely in point.

The facts alleged show the price for which the land was sold by the sheriff to Stuteville to have been a grossly inadequate one, and, were any other irregularities charged in connection with this inadequacy of which Adams had notice at the time of his purchase, we would feel it our duty to hold the sale to have been an apparently invalid one, but no such other irregularities are charged as having come to the knowledge of the said Adams. We must, therefore, treat the objection to the sale on account of the inadequacy of price as being unsupported by any other valid objection. Under these circumstances the inadequacy of the price merely is not sufficient to set aside the sale, especially after so long a lapse of time, and after descent of the land has been cast upon his heirs by the grantee of the purchaser. Herman Executions, 411, sec. 252; *Roe* v. *Ross,* 2 Ind. 99; *Law* v. *Smith,* 4 Ind. 56; *Benton* v. *Shreeve,* 4 Ind. 66; *Swope* v. *Ardery,* 5 Ind. 213; *Bertenshaw* v. *Moffitt,* 6 Ind. 464; *Sowle* v. *Champion,* 16 Ind. 165; *Sowles* v. *Harvey,* 20 Ind. 217.

While the facts averred show the sale complained of to have been a very disastrous one to the appellant, we are unable to hold that those facts were sufficient to set aside the sale.

The judgment is affirmed, at the costs of the appellants.

Petition for a rehearing overruled.