**In re Rhonda Carol CARROLL, Debtor.**

**Rhonda Carol CARROLL, Plaintiff,**

v.

**CITIZENS FEDERAL SAVINGS AND LOAN ASSOCIATION, Commonwealth, d/b/a Beneficial Mortgage Co., and Lake County Sheriff's Department, Defendants.**

Bankruptcy No. 87–62032.
Adv. No. 87–6184.

United States Bankruptcy Court,
N.D. Indiana,
Hammond Division.

March 22, 1988.

J.E. McDonald, Merrillville, Ind., for Com., d/b/a Beneficial Mortg. Co. (Beneficial).

T. Tuytschaevers, Schererville, Ind., for R.C. Carroll (debtor).

## MEMORANDUM DECISION GRANTING COMPLAINT FOR PRELIMINARY INJUNCTION AND TO SET ASIDE SHERIFF'S SALE OF DEBTOR'S REAL PROPERTY

FRANCIS G. CONRAD, Bankruptcy Judge.**

This adversary proceeding[1] is before us on the complaint of Debtor to prohibit the Lake County Sheriff's Department from issuing a deed in foreclosure to Debtor's property, and for an Order setting aside the Sheriff's sale. Because we find the sale was improper, we conditionally grant Debtor's complaint.

The facts of this case are simple and uncontested. Prior to Debtor's filing, on November 6, 1987, of her Chapter 13 petition, under Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.*, Citizens Federal Savings and Loan Association (Citizens), a first mortgagee, and Beneficial a second mortgagee and cross-complainant in State Court, obtained judgments in foreclosure against the debtor's property at 13670–90th Avenue, St. John, Indiana. The judgments were contained in a single Judgment Order dated August ——, 1987 and filed in Open Court on August 18, 1987.

An entry was made, date unknown, in the Lake County Clerk's *praecipe* book[2] by Citizens indicating that a foreclosure judgment had been obtained against the debtor. The lodging of an entry in the *praecipe* book is a demand of the Clerk of the Court to issue a certified copy of a judgment to the Sheriff. Citizens' judgment contains an Order directing the Sheriff to sell Debtor's foreclosed property. Counsel tells us that the Lake County Sheriff will not sell foreclosed property without a certified judgment emanating from an entry in the *praecipe* book.

Based on the certified Judgment Order, a Sheriff's sale of the debtor's property was set for December 4, 1987. The debtor's filing of her Chapter 13 petition stayed all proceedings against the debtor, including the December 4, 1987 sale. Ever diligent, Beneficial immediately filed a request for abandonment and relief from stay. The request provided notice and opportunity[3] to object to the request for abandonment and relief from stay, and barring any objection, the Court was asked to enter an appropriate Order granting the relief requested.

** Sitting by special designation.

1. We have jurisdiction to hear this matter under 28 U.S.C. § 1334(b) and General Order No. 45. This is a core matter under 28 U.S.C. § 157(b)(2)(B), (G), and (O). This Memorandum Decision shall constitute findings of facts and conclusions of law under Fed.R.Civ.P. 52 as made applicable by Rules of Practice and Procedure in Bankruptcy.

2. *Praecipe*—lat; an order to the clerk of court to issue an execution on a judgment already rendered, Black's Law Dictionary, 5th Ed. As we understand from counsel, not every county in Indiana has a *praecipe* book and our research reveals no Indiana Statute requiring that a *praecipe* book be maintained. We accept counsel's representations as true and correct that the Lake County Sheriff will not sell foreclosure property without an entry in the *praecipe* book although we believe it is not required, except by custom.

3. This type of pleading, described in bankruptcy jargon as a "drop dead" notice, is specifically authorized under 11 U.S.C. § 102(1)(B)(i).

No objection or request for hearing was received by the Bankruptcy Clerk within the time allowed by the request. An Order of Abandonment in Beneficial's favor was entered on December 2, 1987 directing the Trustee to abandon the debtor's property known as 13670–90th Avenue. The Order also provided that Beneficial was relieved from the automatic stay provision of Title 11. No appeal was taken from this Order.

The Sheriff's sale was conducted on December 4, 1987. Citizens and Beneficial were present at the sale. Like the proverbial see no evil—say no evil—hear no evil monkeys, Citizens did not bid at the sale or in any way participate in it. The second mortgagee, Beneficial, to whom stay relief and abandonment was granted, bid on the property.

Awakening at last to Beneficial's actions, Debtor filed, on December 7, 1987, a verified complaint for Preliminary Injunction and to set aside the Sheriff's sale of Debtor's property. The complaint was accompanied by a motion for a Temporary Restraining Order (TRO), with affidavit. The TRO was granted on December 7, 1987 and a Preliminary Injunction (PI) hearing came on to be heard by us on December 17, 1987. Debtor also filed a motion for Relief from the December 2, 1987 Order pursuant to Rules of Practice and Procedure in Bankruptcy Rule 9024 and Federal Rules of Civil Procedure 60(b). We continued the TRO pending our Decision.

Debtor's argument, as we understand it, is that the sale should not go through because: (a) the entry in the County Clerk's *praecipe* was made by Citizens, not by Beneficial, and thus, the Sheriff's sale was at Citizens' behest; and (b) *a fortiori* the stay was not lifted as to Citizens' sale. If Beneficial wanted a Sheriff's sale it needed to lodge its own entry in the *praecipe* book rather than rely on Citizens' request. Stated another way, even though Beneficial received relief from the automatic stay, it could not ride the coattails of Citizens' requested Sheriff's sale because Citizens was still deterred by the automatic stay.

Beneficial's argument is that it does not have to lodge its own request in the *praecipe* book. The lodging of a request to issue a certified judgment is not jurisdictional. Rather, its judgment is contained in the same judgment document as Citizens' and Beneficial should be able to rely on Citizens' request for a sale. Moreover, Citizens did not bid at the sale, only Beneficial did.

Debtor also asserts equitable arguments. Debtor claims the granting of the abandonment and relief from stay in the early stage of a Chapter 13 proceeding where the schedules and plan of the debtor had not yet been filed is inappropriate. Furthermore, the use of a "drop dead" notice in these circumstances places an undue burden on the debtor and defeats her right to propose a plan which includes provisions for curing of arrearages on a residential mortgage.

Finally, the debtor claims surprise. She asserts that the relief from stay was buried in the application for abandonment.

The debtor's complaint and motion raises two issues to be decided by us. First, was the foreclosure sale conducted by the Lake County Sheriff's Department void because the automatic stay was not lifted to Citizens; and second, even if the sale was valid, should we vacate the December 2, 1987 Order on Fed.R.Civ.P. 60(b) grounds?

The filing of a bankruptcy petition brings into existence the automatic stay provisions of 11 U.S.C. § 362. § 362 operates as a stay, applicable to all entities, of the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of a bankruptcy case. 11 U.S.C. § 362(b)(2).

The automatic stay is one of the fundamental debtor protections provided by the Bankruptcy Code. It gives the debtor a breathing spell from his/her creditors. It also provides creditors protection. It prevents creditors from racing to the courthouse and denuding the debtor of his/her assets, H.R.Rep. No. 95–595, 95th Cong., 1st Sess 174–175 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787, before there is an opportunity for orderly liquidation.

The stay is not permanent. § 362(d) allows a creditor to move for relief from the stay by terminating, annulling, modifying, or conditioning the stay.

The automatic stay in this case prevented the Lake County Sheriff's Office from conducting a foreclosure sale. Although the Order to conduct the sale was contained in a certified Judgment Order received from the Lake County Clerk's Office; which contained Beneficial's judgment, the originator of the sale was Citizens vis a vis its entry in the *praecipe* book.

A Clerk of Court should not issue an order of sale to foreclose land without direction from the plaintiff in a decree. *See, Sowles v. Harvey,* 20 Ind. 217 (Sup.Ct 1863). The sale which Beneficial had the Sheriff conduct was not its sale, but rather, Citizens' sale. Thus, the sale the Sheriff conducted was stayed by § 362, improper, and should be set aside. What Beneficial should have done, after obtaining relief from stay and abandonment, was make its own entry in the *praecipe* book and proceed accordingly.

Because we hold that the foreclosure sale should be set aside, we do not address Debtor's Rule 60(b) argument. We do, discuss, however, the merits of Beneficial's relief from stay and abandonment Order.

We find no fault with Beneficial's diligence. It acted within the parameters of the Code's statutory scheme to protect its interests. Although Debtor claims surprise, Beneficial's request comports with due process.

We question, however, whether the debtor can, as it argues, legally provide for the curing of the mortgage foreclosure in any Chapter 13 plan she may prepare. Accordingly, the parties herein will be directed to appear before the undersigned to discuss the legality of a Chapter 13 plan which proposes to cure a foreclosed mortgage.

Pending the outcome of the hearing on the issue raised by the Court, Beneficial may, if it so decides, start the necessary judicial process looking to a foreclosure sale of Debtor's property, but it may not complete it without further Order of this Court.